| **Fill in this information to identify the case** |
|---|

United States Bankruptcy Court for the:

_____ District of   Delaware _____
                  (State)

Case number (*If known*): _____    Chapter   11 _____

☐ Check if this is
an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | The NORDAM Group, Inc. |

**2.** **All other names debtor used**
**in the last 8 years**

Include any assumed names, trade
names, and *doing business as*
names

**3.** **Debtor's federal Employer**
**Identification Number** (EIN)      73-1017803

**4.** **Debtor's**
**address**

**Principal place of business**

6910        North Whirlpool Drive
Number      Street

Tulsa       OK      74117
City        State   ZIP Code

Tulsa County
County

**Mailing address, if different from principal place of business**

Number      Street

P.O. Box

City        State   ZIP Code

**Location of principal assets, if different from principal place of business**

Number      Street

City        State   ZIP Code

**5.** **Debtor's website** (URL)      www.nordam.com

**6.** **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

WEIL:\96595931\14\64643.0003

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**3364 - Aerospace Product and Parts Manufacturing**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____ When _____ Case number _____
                              MM/ DD/ YYYY

         District _____ When _____ Case number _____
                              MM/ DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    See attached Schedule 1    Relationship _____
         District _____                When _____
         Case number, if known _____    MM / DD / YYYY

WEIL:\96595931\14\64643.0003

Debtor    The NORDAM Group, Inc.                                    Case number *(if known)*
_____
        Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☒    Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days
      immediately preceding the date of this petition or for a longer part of such 180 days than in any other   district.

☐    A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

  **Why does the property need immediate attention?**  (*Check all that apply.*)

  ☐    It poses or is alleged to pose a threat of imminent and identifiable hazard to public
        health or safety.
        What is the hazard? _____

  ☐    It needs to be physically secured or protected from the weather.

  ☐    It includes perishable goods or assets that could quickly deteriorate or lose value
        without attention (for example, livestock, seasonal goods, meat, dairy, produce, or
        securities-related assets or other options).

  ☐    Other _____

  **Where is the property?** _____
                            Number          Street

                            _____   _____   _____
                            City                        State         ZIP Code

  **Is the property insured?**
                            ☐ No
                            ☐ Yes. Insurance agency  _____
                                   Contact Name      _____
                                   Phone             _____

---

| **Statistical and administrative information** |
| --- |

**13. Debtor's estimation of available funds**

*Check one:*

☒    Funds will be available for distribution to unsecured creditors.

☐    After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

WEIL:\96595931\14\64643.0003

| Debtor | The NORDAM Group, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☐ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☐ I have been authorized to file this petition on behalf of the debtor.

☐ I have examined the information in this petition and have a reasonable belief that the information is true and correct to the best of my information and belief.

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on ___07/22/2018___
MM/ DD /YYYY

✗ /s/ John C. DiDonato _____        John C. DiDonato _____
Signature of authorized representative of debtor                                              Printed name

Chief Restructuring Officer _____
Title

**18. Signature of attorney**

✗ [signature]        Date ___07/22/2018___
Signature of attorney for debtor                                              MM / DD /YYYY

Daniel J. DeFranceschi _____        Ryan Preston Dahl _____
Printed Name

Richards, Layton & Finger, P.A. _____        Weil, Gotshal & Manges LLP _____
Firm Name

One Rodney Square, 920 North King Street _____        767 Fifth Avenue _____
Number          Street

Wilmington, Delaware 19801 _____        New York, New York 10153 _____
City/State/Zip

(302) 651-7700 _____        (212) 310-8000 _____
Contact phone

defranceschi@rlf.com _____        ryan.dahl@weil.com _____
Contact email address

2732          DE _____
Bar Number     State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates

On the date hereof, the debtor in this chapter 11 case and each of the affiliates identified below, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of **The NORDAM Group, Inc.**

| COMPANY | CASE NUMBER | DISTRICT |
|---|---|---|
| The NORDAM Group, Inc. | Case No. 18-_____ (___) | Delaware |
| Nacelle Manufacturing 1 LLC | Case No. 18-_____ (___) | Delaware |
| Nacelle Manufacturing 23 LLC | Case No. 18-_____ (___) | Delaware |
| PartPilot LLC | Case No. 18-_____ (___) | Delaware |
| TNG DISC, Inc. | Case No. 18-_____ (___) | Delaware |

**ACTION BY**
**JOINT UNANIMOUS WRITTEN CONSENT**
**OF**
**THE NORDAM GROUP, INC.**
**NACELLE MANUFACTURING 1 LLC**
**NACELLE MANUFACTURING 23 LLC**
**PARTPILOT LLC**
**TNG DISC, INC.**

July 22, 2018

The undersigned, being (a) all of the members of the board of directors, (b) all of the managers of the board of managers, or (c) the sole member, as the case may be (in each case, the "**Governing Body**"), of the entities specified on the signature pages hereto (each such entity individually, a "**Company**"), do hereby consent to and adopt and approve by written consent, in accordance with the laws of Delaware, the following resolutions and each and every action effected thereby:

**WHEREAS**, each Governing Body has reviewed and has had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it, and the impact of the foregoing on such Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of such Company to evaluate, and has evaluated, the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body desires to approve the following resolutions.

**Commencement of Chapter 11 Cases**

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to each Company, its Governing Body has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its shareholders, creditors, and other parties in interest that a petition be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of such Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of such Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11

Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**") or the Chapter 11 Filings, including (a) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, and (b) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates or instruments (or any amendments or modifications thereto); and be it further

## Appointment of Chief Restructuring Officer

RESOLVED, that John C. DiDonato hereby is appointed Chief Restructuring Officer of each Company, and shall be an Authorized Person authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to (a) have sole and complete disbursement authority for each Company (provided that an employee of each Company may physically write the checks or initiate the disbursement therefor, including the authority of the Chief Restructuring Officer to pay each Company's legal and professional advisory fees), (b) review and approve in advance all disbursements made by any Company (including disbursements necessary to pay professional fees of any Company), (c) have authority to make all decisions regarding day-to-day operations, (d) directly report, from time to time, to the Restructuring Committee of the Governing Body of The NORDAM Group, Inc., (e) review and approve in advance all asset sales outside of the ordinary course made by any Company, and (f) take and perform any and all further acts and deeds deemed necessary, appropriate, or desirable in connection with such Company's Chapter 11 Case or the Chapter 11 Filings; and be it further

## Debtor-in-Possession Financing

RESOLVED, that it is in the best interests of each Company to enter into, and each Company will obtain benefits from, the lending transactions under that certain senior secured, superpriority administrative expense debtor-in-possession revolving credit facility (the "**DIP Financing**" and the credit agreement related thereto together with any exhibits and schedules, collectively, the "**DIP Credit Agreement**") in an aggregate principal amount of $45 million to be entered into between The NORDAM Group, Inc., as borrower, and PartPilot, LLC, Nacelle Manufacturing 1, LLC, Nacelle Manufacturing 23, LLC, and TNG Disc, Inc., each as guarantors, the lenders from time to time party thereto (the "**Lenders**"), and JPMorgan Chase N.A., as administrative agent, subject to Bankruptcy Court approval, which is necessary and appropriate to the conduct, promotion, and attainment of the businesses of each Company; and be it further

RESOLVED, that the form, terms, and provisions of each of (a) the DIP Credit Agreement and (b) any and all of the other agreements, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified, or filed in connection with the DIP

2

Financing (together with the DIP Credit Agreement, collectively, the "**DIP Financing Documents**") and each Company's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified, and approved; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to negotiate and approve the terms, provisions of and performance of, and to prepare, execute, and deliver the DIP Financing Documents; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Lenders and to authorize, execute, verify, file or deliver to the Lenders all agreements, documents, and instruments required by the Lenders in connection with the foregoing; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take all such further actions, including to pay all fees and expenses in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Person's judgment, be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any of the DIP Financing Documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable; and be it further

**Retention of Advisors**

RESOLVED, that, in connection with the Chapter 11 Case, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals on behalf of such Company that such Authorized Person deems necessary, appropriate, or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as counsel for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, is hereby retained as local counsel for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Huron Consulting Services, LLC, located at 550 W. Van Buren Street, Chicago, Illinois 60607, is hereby retained as financial advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Guggenheim Securities, LLC, located at 330 Madison Avenue, New York, New York 10017, is hereby retained as investment banker for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, New York, New York 10017, is hereby retained as claims, noticing and solicitation agent, and administrative advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that, with respect to each Company, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts and deeds, including (a) the payment of any consideration, (b) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (c) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## General

**RESOLVED**, that, with respect to each Company, any Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts or deeds, including (a) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (b) the execution, delivery and filing (if applicable) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such

actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, manager, or member of any Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

[*Signature Pages to Follow*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of The NORDAM Group, Inc., hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF DIRECTORS OF THE NORDAM GROUP, INC.:**

/s/ *Paul Kenneth Lackey, Jr.*
_____
Paul Kenneth Lackey, Jr.

/s/ *T. Hastings Siegfried*
_____
T. Hastings Siegfried

/s/ *J. Terrell Siegfried*
_____
J. Terrell Siegfried

/s/ *Lynn Brubaker*
_____
Lynn Brubaker

/s/ *William L. Peacher*
_____
William L. Peacher

/s/ *Raegen H. Siegfried*
_____
Raegen H. Siegfried

/s/ *Thomas J. Allison*
_____
Thomas J. Allison

/s/ *Milann H. Siegfried*
_____
Milann H. Siegfried

/s/ *Meredith Siegfried Madden*
_____
Meredith Siegfried Madden

/s/ *Bailey J. Siegfried*
_____
Bailey J. Siegfried

/s/ *William E. Lobeck*
_____
William E. Lobeck

/s/ *Jonathan M. Schofield*
_____
Jonathan M. Schofield

/s/ *Michael J. Shonka*
_____
Michael J. Shonka

/s/ *David L. Eaton*
_____
David L. Eaton

      **IN WITNESS WHEREOF**, the undersigned, being the sole member of Nacelle Manufacturing 1 LLC, hereby consents to, adopts, and authorizes the foregoing resolutions as of the date first written above.

**SOLE MEMBER OF NACELLE MANUFACTURING 1 LLC:**

                    **THE NORDAM GROUP, INC.**

                    */s/ Meredith Siegfried Madden*
                    _____
                    Meredith Siegfried Madden

**IN WITNESS WHEREOF**, the undersigned, being the sole member of Nacelle Manufacturing 23 LLC, hereby consents to, adopts, and authorizes the foregoing resolutions as of the date first written above.

**SOLE MEMBER OF NACELLE MANUFACTURING 23 LLC:**

**THE NORDAM GROUP, INC.**

/s/ *Meredith Siegfried Madden*

_____
Meredith Siegfried Madden

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers and the sole member of PartPilot LLC, hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF MANAGERS OF PARTPILOT LLC:**

/s/ *Meredith Siegfried Madden*
_____
Meredith Siegfried Madden

/s/ *Michael R. Hughett*
_____
Michael R. Hughett

/s/ *J. Terrell Siegfried*
_____
J. Terrell Siegfried

**SOLE MEMBER OF PARTPILOT LLC:**

**THE NORDAM GROUP, INC.**

/s/ *Meredith Siegfried Madden*
_____
Meredith Siegfried Madden

*[Signature Page to Joint Unanimous Written Consent – PartPilot LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of TNG Disc, Inc., hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF DIRECTORS OF TNG DISC, INC.:**

/s/ *T. Hastings Siegfried*

T. Hastings Siegfried

/s/ *Michael R. Hughett*

Michael R. Hughett

/s/ *J. Terrell Siegfried*

J. Terrell Siegfried

[*Signature Page to Joint Unanimous Written Consent – TNG DISC, Inc.*]

<table>
<tr><td colspan="2">**Fill in this information to identify the case:**</td></tr>
<tr><td>Debtor name:</td><td>The NORDAM Group, Inc.</td></tr>
<tr><td>United States Bankruptcy Court  for the:</td><td>_____ District of  Delaware ____<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td>_____</td></tr>
</table>

☐  Check if this is an
amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured  claim |
| 1 | Hexcel Corporation<br>281 Tresser Boulevard<br>16th Floor<br>Stamford, CT 06901-3261 USA | Attn.: Lise Salustri<br>Phone: 925-520-4608<br>Email: Lise.Salustri@hexcel.com | Trade | | | | $5,101,970.95 |
| 2 | Infosys Limited<br>Hebbal Electronics City<br>Mysore 10 570027 India | Attn.: Venkateswarlu (Venkat) Devarapalli<br>Phone: 469-412-5585<br>Email: vdevarapalli@nordam.com | Trade | | | | $3,689,864.41 |
| 3 | Cytec Engineered Materials, Inc.<br>285 East Technology Circle<br>Suite 300<br>Tempe, AZ 85284 USA | Attn.: David Fritz<br>Phone: 480-730-2180<br>Email: david.fritz@solvay.com | Trade | | | | $2,032,420.01 |
| 4 | MSC Industrial Supply Co, Inc.<br>75 Maxess Road<br>Melville, NY 11747-3151 USA | Attn.: Kerri Miller<br>Phone: 918-712-4340<br>Email: MillerKe@mscdirect.com | Trade | | | | $1,996,520.99 |
| 5 | KLX, Inc.<br>1300 Corporate Center Way<br>Wellington, FL 33414 USA | Attn.: Jerrad Brenzikofer<br>Phone: 316-630-4963<br>Email: JERRAD.BRENZIKOFER@KLX.COM | Trade | | | | $1,913,571.78 |
| 6 | Arrowhead Products<br>4411 Katella Ave<br>Los Alamitos, CA 90720 USA | Attn.: Margo Snowden<br>Phone: 714-822-2556<br>Email: Msnowden@ArrowheadProducts.net | Trade | | | | $1,695,775.23 |
| 7 | Warner Robins Air Logistics Complex<br>420 Richard Ray Blvd<br>Warner Robins, GA31098-1640 USA | Attn.: Eric Armour<br>Phone: 478-222-3206<br>Email: ERIC.ARMOUR@US.AF.MIL | Trade | | | | $1,559,068.37 |

WEIL:\96595931\14\64643.0003

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | A&G Machine, Inc. 1231 37th Street NW Auburn, WA 98001-2417 USA | Attn.: Matthew Bakken Phone: 253-887-8433 Email: Matthew@agmach.com | Trade | | | | $1,254,551.98 |
| 9 | Visioneering, Inc. 2055 Taylor Road Auburn Hills, MI 48326 USA | Attn.: Patrick Guido Phone: 248-622-5622 Email: pquido@vistool.com | Trade | | | | $1,224,073.00 |
| 10 | Pryer Aerospace LLC-Tulsa 2230 North Sheridan Road Tulsa, OK 74115 USA | Attn: Brent Pryer Phone: 918-835-8885 Email: sales@pryer.aero | Trade | | | | $1,190,203.34 |
| 11 | Microsoft Corporation 7100 North State Hwy 161 Irving, TX 75039 USA | Attn.: Brian Peralta Phone: 425-897-1131 Email: v-briper@microsoft.com | Trade | | | | $1,184,082.16 |
| 12 | Ducommun Labarge Technologies, Inc. 1505 Maiden Lane Joplin, MO 64804 USA | Attn.: Leslie Hall Phone: 417-781-3200 x77836, Email: Lhall@ducommun.com | Trade | | | | $1,077,807.75 |
| 13 | Baker Aerospace Tooling & Machining 16936 Enterprise Drive Macomb, MI 48044 USA | Attn.: Jay Held Phone: 586-286-4900 x358, Email: jheld@bakerindustriesinc.com | Trade | | | | $1,057,615.00 |
| 14 | APA Aviation Staffing LLC 4150 International Plaza Fort Worth, TX 76109 USA | Attn.: Nicole Minter Phone: 817-289-2754 Email: nminter@apaservices.net | Staffing Agency | | | | $1,024,014.45 |
| 15 | Green Metal Fabricators 906 West Skelly Drive Tulsa, OK 74107 USA | Attn.: Rebecca Green Phone: 918-446-1571 Email: Rebecca.gmf@tulsacoxmail.com | Trade | | | | $949,217.54 |
| 16 | Verstar Group, Inc. 50305 Patricia Street Chesterfield, MI 48051 USA | Attn.: Karly Bolton Phone: 586-265-2575 Email: kbolton@thatsaccurate.com | Trade | | | | $948,477.00 |
| 17 | Goodrich Aerostructures Group 850 Lagoon Drive Chula Vista, CA 91910 USA | Attn.: Terri Shook Phone: 918-651-3525 Email: FSSCASHREMIT@UTAS.UTC.COM | Trade | | | | $933,547.00 |
| 18 | Advanced Machine & Fabricating, Inc. 11212 East 112th Street North Owasso, OK 74055 USA | Attn.: Vanessa Hester Phone: 918-664-5410 Email: vhester@advcosinc.com | Trade | | | | $888,823.02 |
| 19 | Aviall, Inc. 2750 Regent Boulevard Dallas, TX 75261-9048 USA | Attn.: Connie Moore Phone: 972-586-1728 Email: connie.moore@aviall.com | Trade | | | | $801,510.23 |

Official Form 204            **List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

WEIL:\96595931\14\64643.0003

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  Green Country Aircraft Exhaust 1876 North 106th East Ave Tulsa, OK 74116 USA | Attn.: Wes Jones Phone: 918-832-1769 Email: accountingdept@green countryaircraft.com | Trade | | | | $790,661.41 |
| 21  Fiber Pad, Inc. 17260 East Young Street Tulsa, OK 74116 USA | Attn.: Geneva Phillips Phone: 918-438-7430 Email: gphillips@fiberpad.com | Trade | | | | $746,332.01 |
| 22  OMA SPA Via Cagliari 20 Foligno Pg 06034, Italy | Attn.: Leonardo Borgna Phone: +39 0742 347576 Email: l.borgna@omafoligno.it | Trade | | | | $733,972.95 |
| 23  Coast Composites LLC 1395 S Lyon Street Santa Ana, CA 92705 USA | Attn.: Jacob Salas Phone: 949-455-0665 Email: Jacob.Salas@ascentaerospace.com | Trade | | | | $731,250.00 |
| 24  Eaton Aeroquip LLC 300 S East Ave Jackson, MI 49203 USA | Attn.: Shari Harlett Phone: 616-831-8361 Email: shariharlett@eaton.com | Trade | | | | $707,707.93 |
| 25  Sargent Controls & Aerospace 5675 West Burlingame Road Tucson, AZ 85750 USA | Attn.: Carrasco Renee Phone: 520-744-1000 x4711 Email: Rcarrasco@sargentaerospace.com | Trade | | | | $685,443.00 |
| 26  Aeron Group LLC 1901 North Willow Ave Broken Arrow, OK 74012 USA | Attn.: Michelle Ivey Phone: 918-294-1167 Email: michelleivey@aerongroup.com | Trade | | | | $670,535.78 |
| 27  Seyer Industries, Inc. 66 Patmos Court St Peters, MO 63376 USA | Attn.: Bethany Freeman Phone: 636-229-4166 Email: bfreeman@seyerind.com | Trade | | | | $570,382.00 |
| 28  Airbus Service Co, Inc. 2550 Wasser Terrace Herndon, VA 20171 USA | Attn.: Elizabeth Gilmore Phone: 703-326-3633 Email: elizabeth.gilmore@airbus.com | Trade | | | | $562,503.46 |
| 29  Rolls Royce North America, Inc. 1421 Sweet Gum Circle Keller, TX 76248 USA | Attn.: Jamie Finlay Phone: +44 (0)141 626 8245, Email: jamie.finlay@rolls-royce.com | License Royalty | Contingent, unliquidated, disputed | | | N/A |
| 30  Pratt & Whitney Canada 1000 Marie-Victorin Boulevard Mail Code 01AA4 Longueuil, Quebec J4G 1A1 Canada  400 Main Street East Hartford, CT 06118 USA | Attn: David P.W. Emmerling        Irene Makris          Neil G. Mitchill, Jr. Phone: 860-565-5839          450-677-9411          860-565-4048 Email: david.emmerling@pw.utc.com Irene.markris@pwc.ca Neil.Mitchill@pw.utc.com | Contract | Contingent, unliquidated, disputed | | | N/A |

---

**Fill in this information to identify the case:**

Debtor name:  The NORDAM Group, Inc.

United States Bankruptcy Court  for the: _____ District of  Delaware
(State)

Case number (*If known*): _____

---

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct to the best of my information and belief:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on  07/22/2018
MM /DD /YYYY

✗ /s/ John C. DiDonato
Signature of individual signing on behalf of debtor

John C. DiDonato
Printed name

Chief Restructuring Officer
Position or relationship to debtor

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                           :
In re                                      :        Chapter 11
                                           :
THE NORDAM GROUP, INC.,                    :        Case No. 18-_____ (___)
                                           :
                    Debtor.                :
                                           :
------------------------------------------------------------- x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in The NORDAM Group, Inc. ("**NORDAM**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). The Debtors respectfully represents as follows:

1. To the best of the Debtors' knowledge and belief, no entities own more than 10% of NORDAM's equity interests other than:

| ENTITY | PERCENTAGE OWNERSHIP |
|---|---|
| Robin Siegfried Revocable Trust | 16.01% |
| Milann H. Siegfried Revocable Trust | 15.25% |
| Raegen Siegfried Revocable Trust | 11.17% |

2. NORDAM owns 100% of the equity interests of:

   a.  Nacelle Manufacturing 1 LLC;

   b.  Nacelle Manufacturing 23 LLC;

   c.  PartPilot LLC; and

   d.  TNG DISC, Inc.

**<u>Exhibit A</u>**

**Organizational Chart**



---

**Fill in this information to identify the case:**

Debtor name  The NORDAM Group, Inc.

United States Bankruptcy Court  for the: _____  District of  Delaware
(State)

Case number (*If known*): _____

---

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct to the best of my information and belief:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on  07/22/2018
MM / DD /YYYY

**X** /s/ John C. DiDonato
Signature of individual signing on behalf of debtor

John C. DiDonato
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                         :
In re                                    :      Chapter 11
                                         :
THE NORDAM GROUP, INC.,                  :      Case No. 18-_____ (___)
                                         :
                         Debtor.         :
                                         :
------------------------------------------------------------- x
```

## LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐   There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

☒   The following are the debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held[2] |
|---|---|---|
| Siegfried Family Voting Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A<br>Voting Shares | 1,493 |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.

[2] As of July 15, 2018.

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held[2] |
|---|---|---|
| Milann H. Siegfried Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A Voting Shares | 1,000 |
| | Series B Nonvoting Shares | 4,924.773 |
| Milann H. Siegfried Exempt Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B Nonvoting Shares | 2,415.000 |
| Milann H. Siegfried Non-Exempt Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B Nonvoting Shares | 805.000 |
| Ray H. Siegfried III Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A Voting Shares | 51 |
| | Series B Nonvoting Shares | 2,298.559 |
| Theodore Hastings Siegfried Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A Voting Shares | 51 |
| | Series B Nonvoting Shares | 2,298.559 |
| Meredith Siegfried Madden Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A Voting Shares | 51 |
| | Series B Nonvoting Shares | 2,298.559 |
| Milann Siegfried Williams Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A Voting Shares | 51 |
| | Series B Nonvoting Shares | 2,298.559 |
| Jude Terrell Siegfried Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A Voting Shares | 51 |
| | Series B Nonvoting Shares | 2,298.559 |
| Bailey Joseph Siegfried Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A Voting Shares | 51 |
| | Series B Nonvoting Shares | 2,298.559 |

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held[2] |
|---|---|---|
| Robin Siegfried Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A<br>Voting Shares | 913 |
| | Series B<br>Nonvoting Shares | 5,307.848 |
| Cherrie L. Siegfried Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B<br>Nonvoting Shares | 336.965 |
| Raegen Siegfried Revocable Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series A<br>Voting Shares | 87 |
| | Series B<br>Nonvoting Shares | 4,254.627 |
| Raymond Henry Siegfried III Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B<br>Nonvoting Shares | 402.50 |
| Raymond Henry Siegfried III Non-Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B<br>Nonvoting Shares | 134.167 |
| Theodore Hastings Siegfried Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B<br>Nonvoting Shares | 402.50 |
| Theodore Hastings Siegfried Non-Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B<br>Nonvoting Shares | 134.167 |
| Meredith Regina Siegfried Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B<br>Nonvoting Shares | 402.50 |
| Meredith Regina Siegfried Non-Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B<br>Nonvoting Shares | 134.167 |

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held[2] |
|---|---|---|
| Milann Helferich Siegfried Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B Nonvoting Shares | 402.50 |
| Milann Helferich Siegfried Non-Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B Nonvoting Shares | 134.167 |
| Jude Terrell Siegfried Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B Nonvoting Shares | 402.50 |
| Jude Terrell Siegfried Non-Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B Nonvoting Shares | 134.167 |
| Bailey Joseph Siegfried Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B Nonvoting Shares | 402.50 |
| Bailey Joseph Siegfried Non-Exempt Child's Trust<br><br>6910 North Whirlpool Drive<br>Tulsa, Oklahoma 74117 | Series B Nonvoting Shares | 134.167 |

**Fill in this information to identify the case:**

Debtor name:  <u>The NORDAM Group, Inc.</u>

United States Bankruptcy Court  for the:  _____  District of <u>Delaware</u>
                                                                              (State)

Case number (*If known*):  _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors           12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct to the best of my information and belief:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration **List of Equity Holders** _____

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, information, and belief.

Executed on  <u>07/22/2018</u>              ✗  <u>/s/ John C. DiDonato</u>
                MM / DD /YYYY                    Signature of individual signing on behalf of debtor

                                        <u>John C. DiDonato</u>
                                        Printed name

                                        <u>Chief Restructuring Officer</u>
                                        Position or relationship to debtor