## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **THE NORDAM GROUP, INC.**, *et al.*, | : | **Case No. 18–11699 (MFW)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |
| | : | |

---------------------------------------------------------- x

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The NORDAM Group, Inc. ("**NORDAM**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" and collectively, the "**Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, and are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**," and, together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' chief restructuring officer, deputy restructuring officers, and management prepared the Schedules and Statements with the assistance of the Debtors' other professionals. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are The NORDAM Group, Inc. (7803); Nacelle Manufacturing 1 LLC (3107); Nacelle Manufacturing 23 LLC (5528); PartPilot LLC (5261); and TNG DISC, Inc. (9726). The Debtors' corporate headquarters and service address is 6910 North Whirlpool Drive, Tulsa, Oklahoma 74117.

WEIL:\96694700\9\64643.0004

the Schedules and Statements and errors or omissions may exist.  Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1.  **Description of the Chapter 11 Cases**.  On July 22, 2018 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 24, 2018, the Bankruptcy Court entered an order authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) (ECF No. 63).  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  On August 1, 2018, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Creditors' Committee**").

2.  **Basis of Presentation**.  In the ordinary course of business, the Debtors prepare consolidated financial statements for financial reporting purposes, reflecting information for periods ending on the last day of each calendar month.  The Schedules and Statements are unaudited and are the result of the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis.  The Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

    The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity.  Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, however, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements.

3.  **Reporting Date**.  Unless otherwise noted in specific responses, the Schedules and Statements reflect the Debtors' books and records as of the close of business on July 22, 2018 or the latest available record date before then.

4.  **Current Values**.  The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records.  Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5.  **Confidentiality**.  There may be instances when certain information was not included or was redacted due to the nature of an agreement between a Debtor and

WEIL:\96694700\9\64643.0004

a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.

6.    **Consolidated Entity Accounts Payable and Disbursement Systems**.    As described in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Continue (A) Using Existing Cash Management System, Bank Accounts, and Business Forms and (B) Funding Intercompany Transactions, (II) Providing Administrative Expense Priority for Postpetition Intercompany Claims, and (III) Granting Related Relief* (ECF No. 4) (the "**Cash Management Motion**"), the Debtors utilize a centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

In the ordinary course of business, the Debtors and also their non-Debtor affiliates maintain business relationships among each other, which result in intercompany receivables and payables (the "**Intercompany Claims**") arising from intercompany transactions   (the "**Intercompany Transactions**").    Additional information regarding the Intercompany Claims and Intercompany Transactions is described in the Cash Management Motion.  Unless otherwise noted, the Debtors have reported the aggregate net intercompany balances among the Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate.

7.    **Accuracy**.    The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.

8.    **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  Accordingly, when possible, net book values as of the Petition Date or as of June 30, 2018 are presented.  When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  As applicable, fixed assets and leasehold improvement assets that fully have been depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, but are included in the Schedules and Statements with zero values.

9.    **Undetermined Amounts**.  Claim amounts that could not readily be quantified by the Debtors are scheduled as "undetermined," "unknown," or "N/A."  The description of an amount as "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

10.    **Excluded Assets and Liabilities**.  The Debtors believe that they have identified, but have not necessarily valued, all material categories of assets and liabilities in the Schedules.  The Debtors have excluded the following items from the Schedules

4

and Statements:  certain general accrued liabilities, including those related to rebate and warranty programs, and certain employee-related obligations that have been paid in accordance with the First Day Orders (as defined herein).  Other immaterial assets and liabilities may also have been excluded.

11.     **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."   If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

12.     **Currency**.  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

13.     **Payment of Prepetition Claims Pursuant to First Day Orders**.  The Debtors have authority to pay certain outstanding prepetition claims pursuant to several bankruptcy court orders, including certain orders the Bankruptcy Court entered in connection with the Debtors' chapter 11 cases authorizing the Debtors to pay certain prepetition claims (collectively, the "**First Day Orders**").

The Schedules and Statements reflect the Debtors' outstanding liabilities in their amounts owed as of the Petition Date without reducing liabilities on account of any payments authorized under the First Day Orders, other than the First Day Orders authorizing the payment of prepetition wages and benefits to the Debtors' employees (the "**Wages Orders**").  The Debtors have paid $5,450,121.23 pursuant to the Wages Orders, and have reduced these prepetition liabilities set forth in the Schedules and Statements accordingly.   If liabilities on account of prepetition wages and benefits have been satisfied in full, they are not listed on the Schedules and Statements unless otherwise noted.

14.     **Other Paid Claims**.  If the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

15.     **Setoffs**.  The Debtors routinely incur certain setoffs from customers and suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from various items including pricing discrepancies, customer programs, returns, and other disputes between the Debtors and their customers or suppliers.  In the ordinary course of business, the Debtors setoff invoices with credit memos.  These routine setoffs are consistent with the ordinary course of business in the Debtors' industry, and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not always independently accounted for, and may be excluded from the Schedules and Statements.

16.     **Inventory**.  Inventory represents the aggregate of finished goods, works in process, raw materials, and costs related to long-term contracts.  Inventory is also those items used in a continuous repetitive process or cycle of operations by which goods are acquired and sold, and further goods are acquired for additional sales.  Inventories are valued at cost on the company balance sheet using the lower of cost or net realizable value, with cost determined using the average cost method.

17.     **Property, Plant and Equipment**.  Rotable spare aircraft parts and property, plant and equipment are recorded at cost.  Costs of internally constructed assets include materials, labor, and related overhead allocation.  Costs of software for internal use includes direct costs of materials, services and payroll, and payroll related costs of employees' time directly related to development and implementation of software.  Depreciation and amortization are computed using the straight-line method over estimated useful lives ranging from 3 to 30 years.

18.     **Debtors' Reservation of Rights**.  Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including the following:

    a.    Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

    b.    Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

    c.    The listing of a claim or agreement (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, the executory nature of the agreement under section 365 of the Bankruptcy Code, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or agreement pursuant to a schedule amendment, claim objection or otherwise.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security

6

interest has been undertaken.  Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

d.  In the ordinary course of their businesses, the Debtors lease equipment and other assets from certain third-party lessors for use in their daily operations. The Debtors have made commercially reasonable efforts to list any such leases in Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F.  Except as otherwise noted herein, the property subject to any such lease is not reflected in Schedule A/B as either owned property or an asset of the Debtors, and neither is such property or assets of third parties within the control of the Debtors.  Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including the recharacterization thereof.

e.  The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections or setoffs with respect to the same.

f.  The Debtors' businesses are part of a complex enterprise.  Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions.  The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

g.  The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

h.  The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  If such Guarantees have been identified, they are included in the relevant Schedules and Statements.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings,

WEIL:\96694700\9\64643.0004

debt instruments, and other agreements may have been omitted inadvertently. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements if additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

i.      Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have not been abandoned, terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

19.    **Global Notes Control**.  If the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

## Specific Notes for Schedules

1.    **Schedule A/B.**

a.      **A/B.3**.  The values provided for in Schedule A/B, Item 3 for each account for a given Debtor reflects the ending cash balance of such account as of the Petition Date.

b.      **A/B.8**.  Prepayment values provided for in Schedule A/B, Item 8 are the net book value listed in the Debtors' books and records as of June 30, 2018.

c.      **A/B.10–12**.  Accounts receivable values and any allowances thereof provided for in Schedule A/B, Items 11 and 12 are as of the Petition Date.

d.      **A/B.19–22**.  Inventory values provided for in Schedule A/B, Items 19 through 22 are the net book value listed in the Debtors' books and records as of the Petition Date.

e.      **A/B.28–32**.  Values provided for in Schedule A/B, Items 28 through 32 are the net book value listed in the Debtors' books and records as of June 30, 2018.

f.      **A/B.39–42**.  Values provided for in Schedule A/B, Items 39 through 42 are the net book value listed in the Debtors' books and records as of June 30, 2018.

g.      **A/B.47–50**.  Values provided for in Schedule A/B, Items 47 through 50 are the net book value listed in the Debtors' books and records as of June 30, 2018.

    h.    **A/B.55**.  Real property values provided for in Schedule A/B, Item 55 are the net book value listed in the Debtors' books and records as of June 30, 2018.

    i.    **A/B.70–77**.  Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules.

        Intercompany receivables between the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule A/B, per the Debtors' books and records.

2.    **Schedule D**.  Certain of the claims listed on Schedule D, as well as the Guarantees of those claims listed on Schedule H, arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all of these various dates are included for each such claim.  To the best of the Debtors' knowledge, all claims listed on Schedule D arose or were incurred before the Petition Date.  The amounts in Schedule D are consistent with the Debtors' stipulations set forth in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Granting Liens and Superpriority Claims (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* (ECF No. 217) (the "**Final DIP Order**"), which are subject to investigation and challenge by the Creditors' Committee or other parties in interest, all as more fully set forth in the Final DIP Order.

Except as otherwise agreed to or stated pursuant to a stipulation or order entered by the Bankruptcy Court that is or becomes final, including the Final DIP Order, the Debtors and their estates and, subject to the foregoing limitations, note as follows: (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken; (b) the Debtors have included the results of UCC lien searches performed before the Petition Date; and (c) the descriptions provided on Schedule D only are intended to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of John C. DiDonato in Support of Debtors' Chapter 11 Petitions and First Day Relief* (ECF No. 3).  The Debtors have listed only the administrative agent as the named creditor with respect to the *Fourth Amended and Restated Credit Agreement*, dated December 18, 2012 (as amended, modified, or restated from time to time, the "**Prepetition Credit Agreement**").  The obligations under

WEIL:\96694700\9\64643.0004

the Prepetition Credit Agreement are secured by a first priority lien on substantially all of the Debtors' assets.  Various parties may have also asserted liens against collateral securing the Prepetition Credit Agreement, which liens could be permitted thereunder.

Except as specifically stated herein, real property lessors, equipment lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D.  The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.

3.    **Schedule E/F**

a.    **(Part 1)**.  Certain of the claims listed on Schedule E/F (Part 1) arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all of these various dates are included for each such claim.

The liabilities listed on Schedule E/F (Part 1) do not reflect any analysis of such claims under sections 503 or 507 of the Bankruptcy Code.  The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority status pursuant to sections 503 or 507 of the Bankruptcy Code.

The Debtors have not listed certain wage or related obligations that have been paid in full pursuant to the Wages Orders on Schedule E/F; however, to the extent such obligations have been satisfied in part pursuant to the Wages Orders and remain outstanding, the Debtors have included such outstanding amounts on Schedule E/F.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F.  Certain of such claims, however, may be subject to ongoing audits or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F.  Therefore, the Debtors have listed all such claims as contingent and unliquidated, pending final resolution of ongoing audits or other outstanding issues.

b.    **(Part 2)**.  The Debtors have exercised their commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor.  As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors.  Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts.  The amounts

10

listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

With respect to those unsecured notes issued under the *Credit Agreement*, dated April 4, 2018, with Cherokee Partners, L.L.C., East Plant Investment L.L.C., and Eight Partners LLC, each of those entities have joint and several rights to the full amount of the notes issued thereunder.

The Debtors have included trade creditors and taxing authorities on Schedule E/F, some of whose claims have been satisfied, in whole or in part, pursuant to the First Day Orders. Notwithstanding the foregoing, the Debtors have reflected the prepetition liabilities of such trade creditors and taxing authorities as of the Petition Date. Moreover, Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. The accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made reasonable efforts to include as contingent, unliquidated, or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Intercompany payables among the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule E/F, per the Debtors' books and records, which may or may not result in allowed or enforceable claims by or against a given Debtor. The intercompany payables also may be subject to recoupment, netting, or other adjustments made pursuant to customary intercompany policies and practices not reflected in the Schedules.

To the extent practicable, Schedule E/F is intended to reflect the balance as of the Petition Date, with adjustments for certain postpetition Bankruptcy Court-approved payments relating to employees. Despite the Debtors' reasonable best efforts, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to these and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include any

11

potential rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected.

4.    **Schedule G**.  Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**"), review is ongoing and inadvertent errors, omissions or overinclusion may have occurred.  The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G.  In addition, as described herein, certain non-disclosure agreements or other confidential information have been omitted, as well as certain short-term purchase and sales orders given their large number and transitory nature.  The Debtors have also omitted various offer letters to employees because listing them would be unduly burdensome and cost prohibitive under the circumstances.

The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed on Schedule G.  Executory agreements that are oral in nature have not been included in Schedule G.  Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors.

5.    **Schedule H**.  The Debtors are party to the Prepetition Credit Agreement, which was executed by multiple Debtors.  The obligations of guarantors under the Prepetition Credit Agreement are noted on Schedule H for each individual debtor.  Furthermore, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  To the extent there are guarantees connected with any joint ventures to which the Debtors may be a party, such agreements are not identified in the Debtors' Schedules.


**<u>Specific Notes for Statements</u>**

1.    **Statement 2**.  NORDAM operates a small producing ranch.  NORDAM's accounting treatment of the ranch's operations is to setoff the revenue against the cost to operate the ranch, which is typically recorded at the end of fiscal year.

2.    **Statement 3**.  The obligations of the Debtors are primarily paid by NORDAM, notwithstanding the fact that certain obligations may be obligations of one or more of the affiliated Debtors or foreign, non-Debtor affiliates.

WEIL:\96694700\9\64643.0004

The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from April 23, 2018 to July 22, 2018. The actual dates that cash cleared the Debtors' bank accounts may differ based on the form of payment. The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a time-consuming manual review of individual bank statements. It is expected, however, that many payments included in Statement 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

3.     **Statement 4**. The Debtors have filed, or will file, a motion to seal the information requested in Statement 4.

4.     **Statement 5**. On occasion, the Debtors may return damaged or unsatisfactory goods to vendors or suppliers in the ordinary course of business. Other than ordinary course items, the Debtors are not aware of any property that has been returned to the seller.

5.     **Statement 6**. The Debtors maintain certain customer programs, including return and refund programs pursuant to which customers may receive credits. The Debtors have used their reasonable efforts to reflect setoffs made by creditors without permission that they are aware of; however, there may be instances where such a setoff has occurred without the Debtors' knowledge.

6.     **Statement 7**. The Debtors have used reasonable efforts to report all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year before the Petition Date. The Debtors reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. For the avoidance of doubt, the Debtors have excluded actions relating to workers' compensation claims from Statement 7.

7.     **Statement 10**. Amounts listed herein were for events that were reported or tracked for insurance purposes. *De minimis* losses are not separately tracked by the Debtors and were not included on Statement 10.

8.     **Statement 11**. The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately before the Petition Date, which are identified in NORDAM's response to Statement 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

9.     **Statement 13**. The Debtors may, from time to time and in the ordinary course of business, transfer equipment and other assets or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed in Statement 13. The Debtors further do not take any position with

WEIL:\96694700\9\64643.0004

respect to whether transfers identified in response to Statement 13 are made in the ordinary course of business. Certain transfers listed in this response are included solely out of an abundance of caution.

10.    **Statement 20**. In the ordinary course of business, the Debtors store various tooling, rotables, and other equipment in various locations, as is customary in the aerospace industry. The Debtors have used their reasonable efforts to identify the locations of each such piece of property.

11.    **Statement 21**. Certain of the Debtors' suppliers provide inventory to the Debtors on a consignment basis. Such goods are stored in the Debtors' facilities; however, ownership and payment obligation for the goods do not transfer until such time as the Debtors require the goods for production use.

Furthermore, in the ordinary course of their business the Debtors utilize customer-owned tooling in the manufacture of product. The Debtors have made reasonable efforts to include all property held for another party. Although reasonable efforts have been made to ensure the accuracy of Statement 21, review is ongoing and inadvertent errors, omissions or overinclusion may have occurred.

12.    **Statement 26(d)**. Over the past two years, the Debtors have provided their financial statements via physical and electronic mail to various parties in the ordinary course of business, including current or potential secured lenders, government entities, shareholders, customers, and other interested parties.

13.    **Statement 30**. The Debtors have filed, or will file, a motion to seal the information requested in Statement 30.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

14

**Fill in this information to identify the case:**

Debtor          PartPilot LLC

United States Bankruptcy Court for the:   District of Delaware

Case number        18-11702
(if known)

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:**  **Summary of Assets**

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | N/A |

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | $467,904.38 |
   | +UNKNOWN AMOUNT |

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | $467,904.38 |
   | +UNKNOWN AMOUNT |

---

**Part 2:**  **Summary of Liabilities**

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

   | $266,521,739.00 |
   | +UNKNOWN AMOUNT |

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | $167.75 |

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . .

   | + $10,169,153.91 |

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

   | $276,691,060.66 |
   | +UNKNOWN AMOUNT |

---

| Fill in this information to identify the case: |
|---|

Debtor   PartPilot LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   18-11702
(if known)

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

**1.   DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2.   CASH ON HAND**

N/A

**3.   CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
*(IDENTIFY ALL)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.   JPMORGAN CHASE BANK, N.A. | CHECKING ACCOUNT | 2286 | $175.00 |

**4.   OTHER CASH EQUIVALENTS**

N/A

**5    Total of Part 1.**
ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.

| | $175.00 |
|---|---|

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

**6.   DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7.   DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**

DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

**8.   PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

| 9 | **Total of Part 2.**<br>ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | N/A |
|---|---|---|

## Part 3: ACCOUNTS RECEIVABLE

**10.  DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

**11.  ACCOUNTS RECEIVABLE**

| | face amount | doubtful or uncollectable accounts | | Current value of debtor's interest |
|---|---|---|---|---|
| 90 DAYS OR LESS | $6,408.66 | ($492.75) | = → | $5,915.91 |
| OVER 90 DAYS OLD | $13,301.23 | ($0.00) | = → | $13,301.23 |

| 12 | **Total of Part 3.**<br>CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | $19,217.14 |
|---|---|---|

## Part 4: INVESTMENTS

**13.  DOES THE DEBTOR OWN ANY INVESTMENTS?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14.  MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**<br>NAME OF FUND OR STOCK: | | |
| **15.  NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | |
| **16.  GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**<br>DESCRIBE: | | |

| 17 | **Total of Part 4.**<br>ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | N/A |
|---|---|---|

## Part 5: INVENTORY, EXCLUDING AGRICULTURE ASSETS

**18.  DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.  RAW MATERIALS** | | | | |
| **20.  WORK IN PROGRESS** | | | | |
| **21.  FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22.  OTHER INVENTORY OR SUPPLIES** | | | | |

| 23 | **Total of Part 5.**<br>ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | N/A |
|---|---|---|

**24.** **Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____    Valuation method _____    Current value _____

**26.** **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 6:**    **FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

**27.** **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **28.** **CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29.** **FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:*<br>LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30.** **FARM MACHINERY AND EQUIPMENT (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER<br>THAN TITLED MOTOR VEHICLES) | | | |
| **31.** **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32.** **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

| 33 | **Total of Part 6.**<br>ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | N/A |
|---|---|---|

**34.** **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.   Is any of the debtor's property stored at the cooperative?
     ☐ No
     ☐ Yes

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 7:**    **OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES**

**38.** **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☐ No. Go to Part 8.
☒ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **39.** **OFFICE FURNITURE** | | | |
| 39.1.    OFFICE FURNITURE | $31,970.10 | NET BOOK VALUE | $31,970.10 |
| **40.** **OFFICE FIXTURES** | | | |

Debtor    PartPilot LLC
          (Name)

Case number (if known)    18-11699

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **40. OFFICE FIXTURES** | | | |
| N/A | | | |
| **41. OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 41.1.    OFFICE EQUIPMENT INCLUDING COMPUTERS + SOFTWARE | $23,994.54 | NET BOOK VALUE | $23,994.54 |
| **42. COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |
| N/A | | | |

**43. Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

$55,964.64

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 8:    MACHINERY, EQUIPMENT, AND VEHICLES**

**46. DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☐ No. Go to Part 9.
☒ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| N/A | | | |
| **48. WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| N/A | | | |
| **49. AIRCRAFT AND ACCESSORIES** | | | |
| N/A | | | |
| **50. OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |
| 50.1.    OTHER MACHINERY, FIXTURES AND EQUIPMENT, EXCLUDING FARM EQUIPMENT | $390,197.60 | NET BOOK VALUE | $390,197.60 |

**51. Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

$390,197.60

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 9:    REAL PROPERTY

**54.   DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

**55.   ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**56   Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.    **N/A**

**57.   Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58.   Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY

**59.   DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☐ No. Go to Part 11.
☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.   PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| 60.1.    SEE EXHIBIT 60 | UNKNOWN | | UNKNOWN |
| **61.   INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| 61.1.    BNORBIT.COM | UNKNOWN | | UNKNOWN |
| 61.2.    BNORBIT.COM | UNKNOWN | | UNKNOWN |
| 61.3.    DEMO-PARTPILOT.COM | UNKNOWN | | UNKNOWN |
| 61.4.    DEMO-PARTPILOT.COM | UNKNOWN | | UNKNOWN |
| 61.5.    PARTBAR.COM | UNKNOWN | | UNKNOWN |
| 61.6.    PARTBAR.COM | UNKNOWN | | UNKNOWN |
| 61.7.    PARTBAR.INFO | UNKNOWN | | UNKNOWN |
| 61.8.    PARTBAR.INFO | UNKNOWN | | UNKNOWN |
| 61.9.    PARTBAR.ORG | UNKNOWN | | UNKNOWN |
| 61.10.    PARTBAR.ORG | UNKNOWN | | UNKNOWN |
| 61.11.    PARTPARLOR.COM | UNKNOWN | | UNKNOWN |
| 61.12.    PARTPARLOR.COM | UNKNOWN | | UNKNOWN |
| 61.13.    PARTPARLOR.INFO | UNKNOWN | | UNKNOWN |
| 61.14.    PARTPARLOR.INFO | UNKNOWN | | UNKNOWN |
| 61.15.    PARTPARLOR.NET | UNKNOWN | | UNKNOWN |
| 61.16.    PARTPARLOR.NET | UNKNOWN | | UNKNOWN |
| 61.17.    PARTPARLOR.ORG | UNKNOWN | | UNKNOWN |
| 61.18.    PARTPARLOR.ORG | UNKNOWN | | UNKNOWN |
| 61.19.    PARTPILOT.CO | UNKNOWN | | UNKNOWN |
| 61.20.    PARTPILOT.CO | UNKNOWN | | UNKNOWN |
| 61.21.    PARTPILOT.COM | UNKNOWN | | UNKNOWN |
| 61.22.    PARTPILOT.COM | UNKNOWN | | UNKNOWN |
| 61.23.    PARTPILOT.INFO | UNKNOWN | | UNKNOWN |
| 61.24.    PARTPILOT.INFO | UNKNOWN | | UNKNOWN |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **61. INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| 61.25.  PARTPILOT.NET | UNKNOWN | | UNKNOWN |
| 61.26.  PARTPILOT.NET | UNKNOWN | | UNKNOWN |
| 61.27.  PARTPILOT.ORG | UNKNOWN | | UNKNOWN |
| 61.28.  PARTPILOT.ORG | UNKNOWN | | UNKNOWN |
| 61.29.  PARTPILOT.US | UNKNOWN | | UNKNOWN |
| 61.30.  PARTPILOT.US | UNKNOWN | | UNKNOWN |
| 61.31.  PARTSPARLOR.COM | UNKNOWN | | UNKNOWN |
| 61.32.  PARTSPARLOR.COM | UNKNOWN | | UNKNOWN |
| 61.33.  PARTSTRADAM.US | UNKNOWN | | UNKNOWN |
| 61.34.  PARTSTRADAM.US | UNKNOWN | | UNKNOWN |
| 61.35.  PARTSTRADAMUS.COM | UNKNOWN | | UNKNOWN |
| 61.36.  PARTSTRADAMUS.COM | UNKNOWN | | UNKNOWN |

**62. LICENSES, FRANCHISES, AND ROYALTIES**

N/A

**63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS**

N/A

**64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY**

N/A

**65. GOODWILL**

N/A

**66 Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.               | UNKNOWN |

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☑ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

| **Part 11:** | **ALL OTHER ASSETS** |
|---|---|

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71. NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)
N/A

**72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)
N/A

**73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

N/A

**74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

| Debtor | PartPilot LLC | | Case number (if known) |
|---|---|---|---|
| | (Name) | | |

|  | | Current value of debtor's interest |
|---|---|---|

**74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

N/A

**75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

N/A

**76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

N/A

**77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

INTERCOMPANY PAYABLE - THE NORDAM GROUP, INC.                    $2,350.00

**78 Total of Part 11.**
ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.                    $2,350.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

**Part 12:    Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $175.00 | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | $19,217.14 | |
| **83. Investments.** *Copy line 17, Part 4.* | | |
| **84. Inventory.** *Copy line 23, Part 5.* | | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $55,964.64 | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $390,197.60 | |
| **88. Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | | N/A |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* | UNKNOWN | |
| **90. All other assets.** *Copy line 78, Part 11.* ✛ | $2,350.00 | |
| **91. Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $467,904.38 +UNKNOWN AMOUNT  ✛ 91b | N/A |

| | |
|---|---|
| **92.** **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $467,904.38 <br> +UNKNOWN AMOUNT |

**Fill in this information to identify the case:**

Debtor    PartPilot LLC

United States Bankruptcy Court for the:    District of Delaware

Case number    18-11702
(if known)

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                  12/15

Be as complete and accurate as possible.

1.    1. Do any creditors have claims secured by debtor's property?
      ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
      ☑ Yes. Fill in all of the information below.

| Part 1: | List All Creditors with Secured Claims |
|---|---|

2.    List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A** Amount of claim *Do not deduct the value of collateral.* | **Column B** Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** | **Creditor's name** JPMORGAN CHASE BANK, N.A. | $266,521,739.00 | UNKNOWN |

**Describe debtor's property that is subject to a lien**

**Creditor's mailing address**
ATTN: DAVID STRATTON
MARKET PRESIDENT - TULSA
110 W. 7TH STREET, 7TH FLOOR
TULSA, OK  74119

**Describe the lien**
ADMINISTRATIVE AGENT, SWING LINE
LENDER AND L/C ISSUER

**Creditor's email address**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date or dates debt was incurred**
12/28/2012

**Is anyone else liable on this claim?**
☐ No
☑ Yes

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes
    Specify each creditor, including this creditor, and its relative priority.
    FIRST PRIORITY LIEN

☑ Contingent
☑ Unliquidated
☑ Disputed

---

| **2.2** | **Creditor's name** JPMORGAN CHASE BANK, N.A. | UNKNOWN | UNKNOWN |
|---|---|---|---|

**Describe debtor's property that is subject to a lien**

**Creditor's mailing address**
ATTN: DAVID STRATTON
MARKET PRESIDENT - TULSA
110 W. 7TH STREET, 7TH FLOOR
TULSA, OK  74119

**Describe the lien**
UCC LIENHOLDER

**Creditor's email address**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date or dates debt was incurred**

**Is anyone else liable on this claim?**
☑ No
☐ Yes

**Last 4 digits of account number:** 0551

**As of the petition filing date, the claim is:**
*Check all that apply.*

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes

☑ Contingent
☑ Unliquidated
☑ Disputed

---

| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $266,521,739.00 +UNKNOWN AMOUNT |
|---|---|---|

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>PartPilot LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>18-11702</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☐ No. Go to Part 2.
☒ Yes. Go to line 2.

**2.** **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1** **Priority creditor's name and mailing address**

STATE OF DELAWARE, DIVISION OF CORPORATIONS
P.O. BOX 5509
BINGHAMPTON, NY 13902-5509

**Date or dates debt was incurred**

2018

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
FRANCHISE TAX FOR 2018 PRIOR TO 7/23/18

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: $167.75    Priority amount: $167.75

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

**3.1** **Nonpriority creditor's name and mailing address**

ESKIMO JOES
P.O. BOX 729
STILLWATER, OK 74076

**Date or dates debt was incurred**

**Last 4 digits of account number:** 3858

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE VENDOR

**Is the claim subject to offset?**
☒ No
☐ Yes

Amount of claim: $1,774.70

| **Part 2:** | Additional Page | | |
|---|---|---|---|

| | | | Amount of claim |
|---|---|---|---|

| 3.2 | **Nonpriority creditor's name and mailing address**<br><br>HAMPTON CREATIVE INC<br>3939 S HARVARD AVE<br>TULSA, OK  74135<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number: 9102** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE VENDOR<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $21,609.59 |
|---|---|---|---|
| 3.3 | **Nonpriority creditor's name and mailing address**<br><br>MELISSA PHENICIE<br>3709 S ATLANTA PL<br>TULSA, OK  74105<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number: 9588** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE VENDOR<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $1,015.00 |
| 3.4 | **Nonpriority creditor's name and mailing address**<br><br>THE NORDAM GROUP, INC.<br>6911 N WHIRLPOOL DRIVE<br>TULSA, OK<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>INTERCOMPANY PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $10,144,754.62 |

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5. Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | $167.75 |
| 5b. | Total claims from Part 2 | 5b.  + | $10,169,153.91 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $10,169,321.66 |

**Fill in this information to identify the case:**

Debtor    PartPilot LLC

United States Bankruptcy Court for the:   District of Delaware

Case number    18-11702
(if known)

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.   **Does the debtor have any executory contracts or unexpired leases?**

     ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

     ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**Fill in this information to identify the case:**

Debtor    PartPilot LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   18-11702
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors

**12/15**

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

| | |
|---|---|
| **1.** | **Does the debtor have any codebtors?** |
| | ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☑ Yes. |

**2.**   **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each
schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1   NACELLE MANUFACTURING 1 LLC | 6910 NORTH WHIRLPOOL DRIVE TULSA, OK 74117 | JPMORGAN CHASE BANK | ☑ D<br>☐ E/F<br>☐ G |
| 2.2   NACELLE MANUFACTURING 23 LLC | 6910 NORTH WHIRLPOOL DRIVE TULSA, OK 74117 | JPMORGAN CHASE BANK | ☑ D<br>☐ E/F<br>☐ G |
| 2.3   THE NORDAM GROUP, INC. | 6910 NORTH WHIRLPOOL DRIVE TULSA, OK 74117 | JPMORGAN CHASE BANK | ☑ D<br>☐ E/F<br>☐ G |
| 2.4   TNG DISC, INC. | 6910 NORTH WHIRLPOOL DRIVE TULSA, OK 74117 | JPMORGAN CHASE BANK | ☑ D<br>☐ E/F<br>☐ G |

Fill in this information to identify the case:

Debtor   PartPilot LLC

United States Bankruptcy Court for the:  District of Delaware

Case number   18-11702
(if known)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors <span style="float:right">12/15</span>

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  9/21/2018          ✖ /s/ MATTHEW FISHER
      MM / DD / YYYY               Signature of individual signing on behalf of debtor

                                       MATTHEW FISHER
                                       Printed name

                                       DEPUTY CHIEF RESTRUCTURING OFFICER
                                       Position or relationship to debtor

**PartPilot LLC**                                          **Case Number: 18-11702**
## Schedule A/B Question #60
## Patents, Copyrights, Trademarks, and Trade Secrets

### PATENTS

**NONE**

### TRADEMARKS

| Mark | Trademark Reg/ # | Registration Date | Trademark S/N | Goods / Services Covered | Country |
|---|---|---|---|---|---|
| DESIGN - An Illustration - Two Hands Shaking to form image of a wing  (Owned by PartPilot LLC, a NORDAM subsidiary) | 5,459,766 | 5/1/2018 | 87144917 | 035 100,101,102 | US |
| PartPilot (Owned by PartPilot LLC, a NORDAM subsidiary) | 5,459,765 | 5/1/2018 | 87144900 | 035 100,101,102 | US |

### COPYRIGHTS

**NONE**

1