**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
         :
In re              :         **Chapter 11**
         :
**THE NORDAM GROUP, INC.,** *et al.*,   :       **Case No. 18-11699 (MFW)**
         :
        **Debtors.**[1]   :       **(Jointly Administered)**
         :
         :     Re: Docket No. 324
---------------------------------------------------------- x

**NOTICE OF FILING AMENDMENTS TO**
**STATEMENT OF FINANCIAL AFFAIRS OF**
**DEBTOR THE NORDAM GROUP, INC. (CASE NO. 18-11699)**

      PLEASE TAKE NOTICE that, on September 21, 2018, The NORDAM Group, Inc. ("**NORDAM**"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), filed its Statement of Financial Affairs [ECF No. 324] (the "**Statement**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

      PLEASE TAKE FURTHER NOTICE that NORDAM has amended its Statement (the "**Amended Statement**") to include certain information regarding certain insider transactions attached thereto as <u>Exhibit 4</u>.

      PLEASE TAKE FURTHER NOTICE that a copy of the Amended Statement is attached hereto as <u>Exhibit A</u>. The Amended Statement is in addition to, and does not replace, the Statement. The Amended Statement is hereby incorporated into, and comprises an integral part

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are The NORDAM Group, Inc. (7803); Nacelle Manufacturing 1 LLC (3107); Nacelle Manufacturing 23 LLC (5528); PartPilot LLC (5261); and TNG DISC, Inc. (9726). The Debtors' corporate headquarters and service address is 6910 North Whirlpool Drive, Tulsa, Oklahoma 74117.

of, the Statement.  NORDAM reserves its right to further amend the Statement, from time to time as may be necessary or appropriate.

Dated: December 10, 2018
Wilmington, Delaware

*/s/ Megan E. Kenney*
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Brett M. Haywood (No. 6166)
Megan E. Kenney (No. 6426)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: DeFranceschi@rlf.com
        Heath@rlf.com
        Haywood@rlf.com
        Kenney@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Jill Frizzley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
E-mail: Ray.Schrock@weil.com
        Ryan.Dahl@weil.com
        Jill.Frizzley@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

--------------------------------------------------------- x
                                          :
In re                                     :     **Chapter 11**
                                          :
**THE NORDAM GROUP, INC.,** *et al.*,     :     **Case No. 18–11699 (MFW)**
                                          :
                          **Debtors.**[1] :     **(Jointly Administered)**
                                          :
                                          :
--------------------------------------------------------- x

### GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The NORDAM Group, Inc. ("**NORDAM**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" and collectively, the "**Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, and are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**," and, together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' chief restructuring officer, deputy restructuring officers, and management prepared the Schedules and Statements with the assistance of the Debtors' other professionals. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are The NORDAM Group, Inc. (7803); Nacelle Manufacturing 1 LLC (3107); Nacelle Manufacturing 23 LLC (5528); PartPilot LLC (5261); and TNG DISC, Inc. (9726). The Debtors' corporate headquarters and service address is 6910 North Whirlpool Drive, Tulsa, Oklahoma 74117.

1

the Schedules and Statements and errors or omissions may exist.  Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements, unless required by applicable law.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

WEIL:\96694700\9\64643.0004

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1.      **Description of the Chapter 11 Cases**.  On July 22, 2018 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 24, 2018, the Bankruptcy Court entered an order authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) (ECF No. 63).  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  On August 1, 2018, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Creditors' Committee**").

2.      **Basis of Presentation**.  In the ordinary course of business, the Debtors prepare consolidated financial statements for financial reporting purposes, reflecting information for periods ending on the last day of each calendar month.  The Schedules and Statements are unaudited and are the result of the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis.  The Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity.  Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, however, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements.

3.      **Reporting Date**.  Unless otherwise noted in specific responses, the Schedules and Statements reflect the Debtors' books and records as of the close of business on July 22, 2018 or the latest available record date before then.

4.      **Current Values**.  The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records.  Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5.      **Confidentiality**.  There may be instances when certain information was not included or was redacted due to the nature of an agreement between a Debtor and

3

a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.

6. **Consolidated Entity Accounts Payable and Disbursement Systems**.    As described in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Continue (A) Using Existing Cash Management System, Bank Accounts, and Business Forms and (B) Funding Intercompany Transactions, (II) Providing Administrative Expense Priority for Postpetition Intercompany Claims, and (III) Granting Related Relief* (ECF No. 4) (the "**Cash Management Motion**"), the Debtors utilize a centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

In the ordinary course of business, the Debtors and also their non-Debtor affiliates maintain business relationships among each other, which result in intercompany receivables and payables (the "**Intercompany Claims**") arising from intercompany transactions (the "**Intercompany Transactions**").    Additional information regarding the Intercompany Claims and Intercompany Transactions is described in the Cash Management Motion.  Unless otherwise noted, the Debtors have reported the aggregate net intercompany balances among the Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate.

7. **Accuracy**.    The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.

8. **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  Accordingly, when possible, net book values as of the Petition Date or as of June 30, 2018 are presented.  When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  As applicable, fixed assets and leasehold improvement assets that fully have been depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, but are included in the Schedules and Statements with zero values.

9. **Undetermined Amounts**.  Claim amounts that could not readily be quantified by the Debtors are scheduled as "undetermined," "unknown," or "N/A."    The description of an amount as "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

10. **Excluded Assets and Liabilities**.  The Debtors believe that they have identified, but have not necessarily valued, all material categories of assets and liabilities in the Schedules.  The Debtors have excluded the following items from the Schedules

4

and Statements:  certain general accrued liabilities, including those related to rebate and warranty programs, and certain employee-related obligations that have been paid in accordance with the First Day Orders (as defined herein).  Other immaterial assets and liabilities may also have been excluded.

11.     **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

12.     **Currency**.  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

13.     **Payment of Prepetition Claims Pursuant to First Day Orders**.  The Debtors have authority to pay certain outstanding prepetition claims pursuant to several bankruptcy court orders, including certain orders the Bankruptcy Court entered in connection with the Debtors' chapter 11 cases authorizing the Debtors to pay certain prepetition claims (collectively, the "**First Day Orders**").

The Schedules and Statements reflect the Debtors' outstanding liabilities in their amounts owed as of the Petition Date without reducing liabilities on account of any payments authorized under the First Day Orders, other than the First Day Orders authorizing the payment of prepetition wages and benefits to the Debtors' employees (the "**Wages Orders**").  The Debtors have paid $5,450,121.23 pursuant to the Wages Orders, and have reduced these prepetition liabilities set forth in the Schedules and Statements accordingly.  If liabilities on account of prepetition wages and benefits have been satisfied in full, they are not listed on the Schedules and Statements unless otherwise noted.

14.     **Other Paid Claims**.  If the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

15.     **Setoffs**.  The Debtors routinely incur certain setoffs from customers and suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from various items including pricing discrepancies, customer programs, returns, and other disputes between the Debtors and their customers or suppliers.  In the ordinary course of business, the Debtors setoff invoices with credit memos.  These routine setoffs are consistent with the ordinary course of business in the Debtors' industry, and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not always independently accounted for, and may be excluded from the Schedules and Statements.

5

16. **Inventory**. Inventory represents the aggregate of finished goods, works in process, raw materials, and costs related to long-term contracts. Inventory is also those items used in a continuous repetitive process or cycle of operations by which goods are acquired and sold, and further goods are acquired for additional sales. Inventories are valued at cost on the company balance sheet using the lower of cost or net realizable value, with cost determined using the average cost method.

17. **Property, Plant and Equipment**. Rotable spare aircraft parts and property, plant and equipment are recorded at cost. Costs of internally constructed assets include materials, labor, and related overhead allocation. Costs of software for internal use includes direct costs of materials, services and payroll, and payroll related costs of employees' time directly related to development and implementation of software. Depreciation and amortization are computed using the straight-line method over estimated useful lives ranging from 3 to 30 years.

18. **Debtors' Reservation of Rights**. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including the following:

   a. Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   b. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

   c. The listing of a claim or agreement (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, the executory nature of the agreement under section 365 of the Bankruptcy Code, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or agreement pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security

6

interest has been undertaken.  Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

d.     In the ordinary course of their businesses, the Debtors lease equipment and other assets from certain third-party lessors for use in their daily operations. The Debtors have made commercially reasonable efforts to list any such leases in Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F.  Except as otherwise noted herein, the property subject to any such lease is not reflected in Schedule A/B as either owned property or an asset of the Debtors, and neither is such property or assets of third parties within the control of the Debtors.  Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including the recharacterization thereof.

e.     The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections or setoffs with respect to the same.

f.     The Debtors' businesses are part of a complex enterprise.  Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions.  The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

g.     The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

h.     The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  If such Guarantees have been identified, they are included in the relevant Schedules and Statements.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings,

7

debt instruments, and other agreements may have been omitted inadvertently. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements if additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

i.     Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have not been abandoned, terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

19.    **Global Notes Control**. If the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**Specific Notes for Schedules**

1.     **Schedule A/B.**

a.     **A/B.3**. The values provided for in Schedule A/B, Item 3 for each account for a given Debtor reflects the ending cash balance of such account as of the Petition Date.

b.     **A/B.8**. Prepayment values provided for in Schedule A/B, Item 8 are the net book value listed in the Debtors' books and records as of June 30, 2018.

c.     **A/B.10–12**.    Accounts receivable values and any allowances thereof provided for in Schedule A/B, Items 11 and 12 are as of the Petition Date.

d.     **A/B.19–22**. Inventory values provided for in Schedule A/B, Items 19 through 22 are the net book value listed in the Debtors' books and records as of the Petition Date.

e.     **A/B.28–32**. Values provided for in Schedule A/B, Items 28 through 32 are the net book value listed in the Debtors' books and records as of June 30, 2018.

f.     **A/B.39–42**. Values provided for in Schedule A/B, Items 39 through 42 are the net book value listed in the Debtors' books and records as of June 30, 2018.

g.     **A/B.47–50**. Values provided for in Schedule A/B, Items 47 through 50 are the net book value listed in the Debtors' books and records as of June 30, 2018.

8

h.    **A/B.55**.  Real property values provided for in Schedule A/B, Item 55 are the net book value listed in the Debtors' books and records as of June 30, 2018.

i.    **A/B.70–77**.  Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules.

Intercompany receivables between the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule A/B, per the Debtors' books and records.

2.    **Schedule D**.  Certain of the claims listed on Schedule D, as well as the Guarantees of those claims listed on Schedule H, arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all of these various dates are included for each such claim.  To the best of the Debtors' knowledge, all claims listed on Schedule D arose or were incurred before the Petition Date.  The amounts in Schedule D are consistent with the Debtors' stipulations set forth in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Granting Liens and Superpriority Claims (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* (ECF No. 217) (the "**Final DIP Order**"), which are subject to investigation and challenge by the Creditors' Committee or other parties in interest, all as more fully set forth in the Final DIP Order.

Except as otherwise agreed to or stated pursuant to a stipulation or order entered by the Bankruptcy Court that is or becomes final, including the Final DIP Order, the Debtors and their estates and, subject to the foregoing limitations, note as follows: (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken; (b) the Debtors have included the results of UCC lien searches performed before the Petition Date; and (c) the descriptions provided on Schedule D only are intended to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of John C. DiDonato in Support of Debtors' Chapter 11 Petitions and First Day Relief* (ECF No. 3).  The Debtors have listed only the administrative agent as the named creditor with respect to the *Fourth Amended and Restated Credit Agreement*, dated December 18, 2012 (as amended, modified, or restated from time to time, the "**Prepetition Credit Agreement**").  The obligations under

9

the Prepetition Credit Agreement are secured by a first priority lien on substantially all of the Debtors' assets. Various parties may have also asserted liens against collateral securing the Prepetition Credit Agreement, which liens could be permitted thereunder.

Except as specifically stated herein, real property lessors, equipment lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D. The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.

3.    **Schedule E/F**

a.    **(Part 1)**. Certain of the claims listed on Schedule E/F (Part 1) arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all of these various dates are included for each such claim.

The liabilities listed on Schedule E/F (Part 1) do not reflect any analysis of such claims under sections 503 or 507 of the Bankruptcy Code. The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority status pursuant to sections 503 or 507 of the Bankruptcy Code.

The Debtors have not listed certain wage or related obligations that have been paid in full pursuant to the Wages Orders on Schedule E/F; however, to the extent such obligations have been satisfied in part pursuant to the Wages Orders and remain outstanding, the Debtors have included such outstanding amounts on Schedule E/F.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to ongoing audits or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as contingent and unliquidated, pending final resolution of ongoing audits or other outstanding issues.

b.    **(Part 2)**. The Debtors have exercised their commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor. As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors. Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts

10

listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

With respect to those unsecured notes issued under the *Credit Agreement*, dated April 4, 2018, with Cherokee Partners, L.L.C., East Plant Investment L.L.C., and Eight Partners LLC, each of those entities have joint and several rights to the full amount of the notes issued thereunder.

The Debtors have included trade creditors and taxing authorities on Schedule E/F, some of whose claims have been satisfied, in whole or in part, pursuant to the First Day Orders. Notwithstanding the foregoing, the Debtors have reflected the prepetition liabilities of such trade creditors and taxing authorities as of the Petition Date. Moreover, Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. The accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made reasonable efforts to include as contingent, unliquidated, or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Intercompany payables among the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule E/F, per the Debtors' books and records, which may or may not result in allowed or enforceable claims by or against a given Debtor. The intercompany payables also may be subject to recoupment, netting, or other adjustments made pursuant to customary intercompany policies and practices not reflected in the Schedules.

To the extent practicable, Schedule E/F is intended to reflect the balance as of the Petition Date, with adjustments for certain postpetition Bankruptcy Court-approved payments relating to employees. Despite the Debtors' reasonable best efforts, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to these and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include any

WEIL:\96694700\9\64643.0004

potential rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected.

4.    **Schedule G**.  Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**"), review is ongoing and inadvertent errors, omissions or overinclusion may have occurred.  The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G.  In addition, as described herein, certain non-disclosure agreements or other confidential information have been omitted, as well as certain short-term purchase and sales orders given their large number and transitory nature.  The Debtors have also omitted various offer letters to employees because listing them would be unduly burdensome and cost prohibitive under the circumstances.

The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed on Schedule G.  Executory agreements that are oral in nature have not been included in Schedule G.  Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors.

5.    **Schedule H**.  The Debtors are party to the Prepetition Credit Agreement, which was executed by multiple Debtors.  The obligations of guarantors under the Prepetition Credit Agreement are noted on Schedule H for each individual debtor.  Furthermore, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  To the extent there are guarantees connected with any joint ventures to which the Debtors may be a party, such agreements are not identified in the Debtors' Schedules.

**Specific Notes for Statements**

1.    **Statement 2**.  NORDAM operates a small producing ranch.  NORDAM's accounting treatment of the ranch's operations is to setoff the revenue against the cost to operate the ranch, which is typically recorded at the end of fiscal year.

2.    **Statement 3**.  The obligations of the Debtors are primarily paid by NORDAM, notwithstanding the fact that certain obligations may be obligations of one or more of the affiliated Debtors or foreign, non-Debtor affiliates.

12

The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from April 23, 2018 to July 22, 2018.  The actual dates that cash cleared the Debtors' bank accounts may differ based on the form of payment. The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a time-consuming manual review of individual bank statements.  It is expected, however, that many payments included in Statement 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

3.      **Statement 4**.  The Debtors have filed a motion to seal the information requested in Statement 4.

4.      **Statement 5**.  On occasion, the Debtors may return damaged or unsatisfactory goods to vendors or suppliers in the ordinary course of business.  Other than ordinary course items, the Debtors are not aware of any property that has been returned to the seller.

5.      **Statement 6**.  The Debtors maintain certain customer programs, including return and refund programs pursuant to which customers may receive credits.  The Debtors have used their reasonable efforts to reflect setoffs made by creditors without permission that they are aware of; however, there may be instances where such a setoff has occurred without the Debtors' knowledge.

6.      **Statement 7**.  The Debtors have used reasonable efforts to report all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year before the Petition Date.  The Debtors reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.  For the avoidance of doubt, the Debtors have excluded actions relating to workers' compensation claims from Statement 7.

7.      **Statement 10**.  Amounts listed herein were for events that were reported or tracked for insurance purposes.  *De minimis* losses are not separately tracked by the Debtors and were not included on Statement 10.

8.      **Statement 11**.  The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately before the Petition Date, which are identified in NORDAM's response to Statement 11.  Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

9.      **Statement 13**.  The Debtors may, from time to time and in the ordinary course of business, transfer equipment and other assets or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed in Statement 13.  The Debtors further do not take any position with

13

respect to whether transfers identified in response to Statement 13 are made in the ordinary course of business.  Certain transfers listed in this response are included solely out of an abundance of caution.

10.     **Statement 20**.  In the ordinary course of business, the Debtors store various tooling, rotables, and other equipment in various locations, as is customary in the aerospace industry.  The Debtors have used their reasonable efforts to identify the locations of each such piece of property.

11.     **Statement 21**.  Certain of the Debtors' suppliers provide inventory to the Debtors on a consignment basis.  Such goods are stored in the Debtors' facilities; however, ownership and payment obligation for the goods do not transfer until such time as the Debtors require the goods for production use.

Furthermore, in the ordinary course of their business the Debtors utilize customer-owned tooling in the manufacture of product.  The Debtors have made reasonable efforts to include all property held for another party.  Although reasonable efforts have been made to ensure the accuracy of Statement 21, review is ongoing and inadvertent errors, omissions or overinclusion may have occurred.

12.     **Statement 26(d)**.  Over the past two years, the Debtors have provided their financial statements via physical and electronic mail to various parties in the ordinary course of business, including current or potential secured lenders, government entities, shareholders, customers, and other interested parties.

13.     **Statement 30**.  The Debtors have filed a motion to seal the information requested in Statement 30.

***********************

14

**Fill in this information to identify the case:**

Debtor   THE NORDAM GROUP, INC.

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number   18-11699
(if known)

☑ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

| **Part 1:** | **Income** |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From 1/1/2018 | To 7/22/2018 | ☑ Operating a business<br>☐ Other | $221,585,955.00 |
| For prior year: | From 1/1/2017 | To 12/31/2017 | ☑ Operating a business<br>☐ Other | $376,880,494.00 |
| For the year before that: | From 1/1/2016 | To 12/31/2016 | ☑ Operating a business<br>☐ Other | $402,528,828.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2018 | To 7/22/2018 | STONEBLUFF RANCH | $0.00 |
| FOR PRIOR YEAR: | From 1/1/2017 | To 12/31/2017 | STONEBLUFF RANCH | $53,866.00 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2016 | To 12/31/2016 | STONEBLUFF RANCH | $44,938.00 |

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

   SEE EXHIBIT 3 IN INITIAL FILING AT D.I. 324

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

   AMENDED (with certain transactions sealed) - SEE EXHIBIT 4

---

Debtor    THE NORDAM GROUP, INC.    Case number (if known) 18-11699

(Name)

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☐ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| MITCHELL AIRCRAFT SPARES 1160 ALEXANDER CT CARY, IL 60013 | CREDITOR SENT CONTRA FORM TO US TO FILL OUT AND SEND BACK | 5/15/2018 | $14,800.00 |
| MITCHELL AIRCRAFT SPARES 1160 ALEXANDER CT CARY, IL 60013 | CREDITOR SENT CONTRA FORM TO US TO FILL OUT AND SEND BACK | 6/28/2018 | $4,100.00 |

## Part 3:    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| CORONA, GUILLERMO V. THE NORDAM GROUP, INC., THE HARTFORD **Case number** WCAB CASE NO. ADJ 10044729, ADJ 10044732 | EMPLOYMENT (RETALIATORY DISCHARGE CLAIM) | WORKERS' COMPENSATION APPEALS BOARD, STATE OF CALIFORNIA 455 GOLDEN GATE AVENUE, 9TH FLOOR SAN FRANCISCO, CA 94102 | ☐ Pending ☐ On appeal ☑ Concluded |
| PITTMAN, ROLAND V. THE NORDAM GROUP, INC. **Case number** CASE NO. CJ-2018-03025 | EMPLOYMENT (DISCRIMINATION CLAIM) | TULSA COUNTY DISTRICT COURT 500 SOUTH DENVER TULSA, OK 74103 | ☑ Pending ☐ On appeal ☐ Concluded |
| PRATT & WHITNEY CANADA CORP. V. THE NORDAM GROUP, INC. **Case number** ARBITRATION REF NO. 23273/MK | CONTRACT DISPUTE | INTERNATIONAL CHAMBER OF COMMERCE 33-43 AVENUE DU PRÉSIDENT WILSON PARIS 75116 FRANCE | ☐ Pending ☐ On appeal ☑ Concluded |
| SELF DISCLOSURE: GE90 FWD CENTERBODY **Case number** VOLUNTARY DISCLOSURE EIR NUMBER 2017SW154008 | REPAIR DIVISION'S 14 CFR 145.219(A) AND 145.205 DISCREPANCIES RESULTING FROM USE OF PMA PART IN REPAIRS. CLOSED WITHOUT ACTION BY THE FAA. | FEDERAL AVIATION ADMINISTRATION 800 INDEPENDENCE AVENUE, SW WASHINGTON, DC 20591 | ☐ Pending ☐ On appeal ☑ Concluded |
| SELF DISCLOSURES TO MIDO AND FSDO OFFICES: CLEAN LINE **Case number** NONE ASSIGNED | REPAIR DIVISION'S CLEAN LINE DEVIATIONS FROM SPECIFICATION. CLOSED WITHOUT ACTION BY THE FAA. | FEDERAL AVIATION ADMINISTRATION 800 INDEPENDENCE AVENUE, SW WASHINGTON, DC 20591 | ☐ Pending ☐ On appeal ☑ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| AMERICAN CANCER SOCIETY 4110 S 100 E AVE TULSA, OK 74146 | MILE MARKER SPONSORSHIP | 12/4/2017 | $2,000.00 |
| **Recipient's relationship to debtor** NONE | | | |
| BREAST CANCER ERADICATION LPGA PRO 2301 KIMBROUGHWOODS PL GERMANTOWN, TN 38139 | CHARITY GOLF | 1/19/2017 | $6,650.00 |
| **Recipient's relationship to debtor** NONE | | | |
| BREAST CANCER ERADICATION LPGA PRO 2301 KIMBROUGHWOODS PL GERMANTOWN, TN 38139 | CHARITY GOLF | 3/9/2018 | $6,500.00 |
| **Recipient's relationship to debtor** NONE | | | |
| OKLAHOMA AQUARIUM 300 AQUARIUM DRIVE JENKS, OK 74037 | CHARITY GIFT | 4/25/2017 | $55,000.00 |
| **Recipient's relationship to debtor** NONE | | | |
| GILCREASE MUSEUM MANAGEMENT TRUST 800 S TUCKER DR TULSA, OK 74104 | 2016 BUSINESS ART ALLIANCE BENEFACTOR MEMBERSHIP | 12/13/2016 | $5,000.00 |
| **Recipient's relationship to debtor** NONE | | | |
| TULSA CHARITY FIGHT NIGHT PO BOX 521067 TULSA, OK 74152-1067 | IONOSPHERE SPONSORSHIP | 8/25/2016 | $15,000.00 |
| **Recipient's relationship to debtor** RAN BY NORDAM | | | |
| TULSA CHARITY FIGHT NIGHT PO BOX 521067 TULSA, OK 74152-1067 | COMMUNITY CIVIC TABLE | 9/8/2016 | $5,000.00 |
| **Recipient's relationship to debtor** RAN BY NORDAM | | | |
| TULSA CHARITY FIGHT NIGHT PO BOX 521067 TULSA, OK 74152-1067 | IONOSPHERE SPONSORSHIP | 7/28/2017 | $20,000.00 |
| **Recipient's relationship to debtor** RAN BY NORDAM | | | |
| UP WITH TREES INC 1102 S BOSTON AVE TULSA, OK 74119-2409 | SITE SPONSORSHIP FOR 5 TREES | 2/2/2017 | $2,500.00 |
| **Recipient's relationship to debtor** NONE | | | |
| PHILBROOK MUSEUM OF ART INC 2727 S ROCKFORD AVE TULSA, OK 74114 | BUSINESS ARTS ALLIANCE | 8/30/2016 | $55,000.00 |
| **Recipient's relationship to debtor** NONE | | | |

Debtor    THE NORDAM GROUP, INC.                                        Case number (if known)    18-11699
          (Name)

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| PHILBROOK MUSEUM OF ART INC<br>2727 S ROCKFORD AVE<br>TULSA, OK 74114 | BUSINESS ARTS ALLIANCE | 7/17/2017 | $55,000.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| UNIVERSITY OF NOTRE DAME<br>1251 E EDDY ST<br>SOUTH BEND, IN 46617 | ESTEEM CAPSTONE THESIS PROJECT SPONSORSHIP | 1/31/2017 | $220,000.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| UNIVERSITY OF NOTRE DAME<br>1251 E EDDY ST<br>SOUTH BEND, IN 46617 | ESTEEM CAPSTONE THESIS PROJECT SPONSORSHIP | 8/18/2016 | $15,000.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| UNIVERSITY OF NOTRE DAME<br>1251 E EDDY ST<br>SOUTH BEND, IN 46617 | ESTEEM CAPSTONE THESIS PROJECT SPONSORSHIP | 1/27/2017 | $15,000.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| UNIVERSITY OF NOTRE DAME<br>1251 E EDDY ST<br>SOUTH BEND, IN 46617 | ESTEEM CAPSTONE THESIS PROJECT SPONSORSHIP | 3/7/2018 | $12,500.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| UNIVERSITY OF NOTRE DAME<br>1251 E EDDY ST<br>SOUTH BEND, IN 46617 | ESTEEM CAPSTONE THESIS PROJECT SPONSORSHIP | 6/28/2018 | $12,500.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| TULSA CHARITY FIGHT NIGHT<br>PO BOX 521067<br>TULSA, OK 74152-1067 | SPONSORSHIP OF TWO TABLES | 9/29/2016 | $10,000.00 |
| **Recipient's relationship to debtor**<br>RAN BY NORDAM | | | |
| TULSA CHARITY FIGHT NIGHT<br>PO BOX 521067<br>TULSA, OK 74152-1067 | SPONSORSHIP OF TABLES | 9/29/2017 | $10,000.00 |
| **Recipient's relationship to debtor**<br>RAN BY NORDAM | | | |
| YPO-TULSA CHAPTER<br>2727 E 26 PL<br>TULSA, OK 74114 | 2016-17 ANNUAL STRATEGIC ALLIANCE PARTNER FEE | 8/30/2016 | $15,000.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| YPO-TULSA CHAPTER<br>2727 E 26 PL<br>TULSA, OK 74114 | 2017-18 ANNUAL STRATEGIC ALLIANCE PARTNER FEE | 8/21/2017 | $15,000.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| WWW.SANMIGUELTULSA.ORG<br>2444 E. ADMIRAL BLVD<br>TULSA, OK 74110 | SAN MIGUEL SCHOOL OF TULSA | 10/21/2017 | $2,574.97 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| GG *STREET SCHOOL, INC<br>1135 S YALE AVE<br>TULSA, OK 74112 | STREET SCHOOL CONTRIBUTION | 2/12/2018 | $2,500.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| OKLAHOMA CTR NON PROFIT<br>720 W WILSHIRE BLVD #115<br>OKLAHOMA CITY, OK 73116 | OKLAHOMA CENTER FOR NON PROFITS | 2/15/2018 | $1,000.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| OKLAHOMA HALL OF FAME<br>1400 CLASSEN DR<br>OKLAHOMA CITY, OK 73106 | SPONSOR LEGACY LEVEL FOR INDUCTION CEREMONY | 9/21/2017 | $5,000.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |
| TULSA AREA UNITED WAY<br>1430 S BOULDER AVE<br>TULSA, OK 74119 | LEGACY SPONSORSHIP AT TAUW ANNUAL MEETING | 4/21/2018 | $2,500.00 |
| **Recipient's relationship to debtor**<br>NONE | | | |

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets - Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| ON 11/14/17 A COMPANY TRUCK WAS LEAVING THE PARKING LOT. DRIVER WAS EASING OUT OF PARKING LOT BECAUSE VIEW WAS OBSTRUCTED BY A PARKED VEHICLE. TRUCK WAS STRUCK BY AN EMPLOYEE VEHICLE. | NONE, GOING THROUGH LEGAL | 11/14/2017 | UNKNOWN |

## Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| EPIQ SYSTEMS ACQUISITION INC<br>777 THIRD AVE<br>NEW YORK, NY 10017 | | 7/20/2018 | $25,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?**<br>HURON CONSULTING SERVICES LLC<br>550 W VAN BUREN ST<br>CHICAGO, IL 60607 | | 4/30/2018 | $25,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?**<br>HURON CONSULTING SERVICES LLC<br>550 W VAN BUREN ST<br>CHICAGO, IL 60607 | | 6/1/2018 | $312,588.83 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

Debtor   THE NORDAM GROUP, INC.                          Case number (if known) 18-11699
         (Name)

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| HURON CONSULTING SERVICES LLC<br>550 W VAN BUREN ST<br>CHICAGO, IL  60607<br><br>**Email or website address** | | 6/8/2018 | $421,399.69 |
| **Who made the payment, if not debtor?**<br>HURON CONSULTING SERVICES LLC<br>550 W VAN BUREN ST<br>CHICAGO, IL  60607<br><br>**Email or website address** | | 6/26/2018 | $343,799.26 |
| **Who made the payment, if not debtor?**<br>HURON CONSULTING SERVICES LLC<br>550 W VAN BUREN ST<br>CHICAGO, IL  60607<br><br>**Email or website address** | | 6/30/2018 | $483,407.51 |
| **Who made the payment, if not debtor?**<br>HURON CONSULTING SERVICES LLC<br>550 W VAN BUREN ST<br>CHICAGO, IL  60607<br><br>**Email or website address** | | 7/12/2018 | $430,050.01 |
| **Who made the payment, if not debtor?**<br>HURON CONSULTING SERVICES LLC<br>550 W VAN BUREN ST<br>CHICAGO, IL  60607<br><br>**Email or website address** | | 7/20/2018 | $518,942.10 |
| **Who made the payment, if not debtor?**<br>LINKS HOLDINGS LLC<br>330 MADISON AVE<br>NEW YORK, NY  10017<br><br>**Email or website address** | | 07/20/2018 | $180,000.00 |
| **Who made the payment, if not debtor?**<br>RICHARDS LAYTON & FINGER PA<br>920 N KING ST<br>WILMINGTON, DE  19801<br><br>**Email or website address** | | 7/19/2018 | $50,000.00 |
| **Who made the payment, if not debtor?**<br>RICHARDS LAYTON & FINGER PA<br>920 N KING ST<br>WILMINGTON, DE  19801<br><br>**Email or website address** | | 7/20/2018 | $81,894.98 |
| **Who made the payment, if not debtor?**<br>WEIL GOTSHAL & MANGES LLP<br>767 FIFTH AVE<br>NEW YORK, NY  10153<br><br>**Email or website address** | | 6/15/2018 | $88,416.83 |
| **Who made the payment, if not debtor?**<br>WEIL GOTSHAL & MANGES LLP<br>767 FIFTH AVE<br>NEW YORK, NY  10153<br><br>**Email or website address** | | 6/18/2018 | $10,000.00 |
| **Who made the payment, if not debtor?** | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| WEIL GOTSHAL & MANGES LLP<br>767 FIFTH AVE<br>NEW YORK, NY 10153 | | 6/29/2018 | $800,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| WEIL GOTSHAL & MANGES LLP<br>767 FIFTH AVE<br>NEW YORK, NY 10153 | | 7/16/2018 | $148,009.55 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| WEIL GOTSHAL & MANGES LLP<br>767 FIFTH AVE<br>NEW YORK, NY 10153 | | 7/19/2018 | $452,793.68 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |
| WEIL GOTSHAL & MANGES LLP<br>767 FIFTH AVE<br>NEW YORK, NY 10153 | | 7/20/2018 | $350,000.00 |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

13. **Transfers not already listed on this statement**
List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7:     Previous Locations

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy | |
|---|---|---|
| PRISM FACILITY<br>525 E 6TH ST<br>TULSA, OK 74117 | From 3/30/1977 | To 9/1/2016 |
| PREVIOUS HEADQUARTER FACILITY<br>510 S LANSING<br>TULSA, OK 74120 | From 3/30/1977 | To 9/1/2016 |

## Part 8:     Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None

## Part 9:     Personal Identifiable Information

Debtor    THE NORDAM GROUP, INC.                    Case number (if known) 18-11699
_____
(Name)

---

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.
    ☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| THE NORDAM GROUP, INC. 401(K) RETIREMENT PLAN | 73-1017803* |

    Has the plan been terminated?
    ☑ No
    ☐ Yes

    * THE PLAN USES THE SPONSOR EIN, THE TRUST HOLDING THE ASSETS USES A DIFFERENT EIN (42-1558009) FOR 1099R AND WITHHOLDING FILINGS.

---

**Part 10:**   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

---

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| FIBER PAD<br>2201 N 170TH E AVE<br>TULSA, OK 74116 | WAREHOUSE SUPERVISION | RAW MATERIAL | ☐ No<br>☑ Yes |
| GAMECO<br>HENGSHI RD, NORTH AREA<br>BAIYUN INTL AIRPORT<br>GUANGZHOU, GUANGDON 510470<br>CHINA | WAREHOUSE SUPERVISION | AIRCRAFT COMPONENTS | ☐ No<br>☑ Yes |
| GREEN COUNTRY AIRCRAFT<br>EXHAUST<br>1876 N 106TH E AVE<br>TULSA, OK 74115 | WAREHOUSE SUPERVISION | ALUMINUM SHEET | ☐ No<br>☑ Yes |
| PRATT & WHITNEY CANADA CORP<br>100 MARIE-VICTORIN<br>LONGUEUIL, QC J4G 1A1<br>CANADA | WAREHOUSE SUPERVISION | AIRCRAFT COMPONENTS | ☐ No<br>☑ Yes |
| ST AEROSPACE SVC PTE LTD<br>8 CHANGI N WAY<br>SINGAPORE, SG 499611 | WAREHOUSE SUPERVISION | A300 AIRCRAFT<br>COMPONENTS | ☐ No<br>☑ Yes |
| TEXTRON AVIATION INC<br>7121 SOUTHWEST BLVD<br>WICHITA, KS 67215 | WAREHOUSE SUPERVISION | AIRCRAFT COMPONENTS | ☐ No<br>☑ Yes |
| TULSA INT'L AIRPORT STORAGE<br>2181 NORTH 85TH EAST AVENUE<br>TULSA, OK 74115 | VARIOUS SUPPLY CHAIN/FACILITIES<br>PERSONNEL | TOOLS, ROTABLES,<br>HARDWARE | ☐ No<br>☑ Yes |

---

Debtor    THE NORDAM GROUP, INC.                                    Case number (if known)   18-11699
         (Name)

---

| Part 11: | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

SEE EXHIBIT 21 IN INITIAL FILING AT D.I 324

---

| Part 12: | **Details About Environmental Information** |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☐ No
☒ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of case | Status of case |
|---|---|---|---|
| IN RE: AIR QUALITY VIOLATIONS BY NORDAM, REPAIR DIVISION<br><br>**Case number**<br>CASE NO. 99-261 | OKLAHOMA DEPARTMENT OF ENVIRONMENTAL QUALITY<br>707 N ROBINSON<br>OKLAHOMA CITY, OK  73102 | ENVIRONMENTAL - AIR QUALITY | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| IN THE MATTER OF THE MARINE SHALE PROCESSORS SITE<br><br>**Case number**<br>AI #5414 | US ENVIRONMENTAL PROTECTION AGENCY AND LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY<br>1200 PENNSYLVANIA AVENUE, N.W. WASHINGTON, DC 20460 AND 602 NORTH FIFTH STREET BATON ROUGE, LA  70802 | CERCLA - SUPERFUND SITE WASTE DISPOSAL | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| VOLUNTARY SELF-DISCLOSURE BY NORDAM'S INTERIORS & STRUCTURES DIVISION<br><br>**Case number**<br>EPCRA-06-2015-0634 | US ENVIRONMENTAL PROTECTION AGENCY<br>1200 PENNSYLVANIA AVENUE, N.W. WASHINGTON, DC  20460 | EPCRA/313 - FAILURE TO FILE FORM RS | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| VOLUNTARY SELF-DISCLOSURE BY NORDAM'S REPAIR DIVISION<br><br>**Case number**<br>NONE YET | US ENVIRONMENTAL PROTECTION AGENCY<br>1200 PENNSYLVANIA AVENUE, N.W. WASHINGTON, DC  20460 | EPCRA/313 - FAILURE TO FILE FORM RS | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No
☒ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| NORDAM'S REPAIR DIVISION<br>11200 E PINE ST<br>TULSA, OK  74116 | US ENVIRONMENTAL PROTECTION AGENCY<br>1200 PENNSYLVANIA AVE, N.W. WASHINGTON, D.C.  20460 | EPCRA 313 | 8/1/2018 |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

---

| Part 13: | **Details About the Debtor's Business or Connections to Any Business** |

---

| Debtor | THE NORDAM GROUP, INC. | | Case number (if known) | 18-11699 |
|---|---|---|---|---|
| | (Name) | | | |

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| NACELLE MANUFACTURING 1 LLC (OWNED 100% BY THE NORDAM GROUP, INC.)<br>6911 N WHIRLPOOL DRIVE<br>TULSA, OK 74117 | NO TRANSACTIONS SINCE FORMATION | 61-1673107<br>**Date business existed**<br>From: 12/2/2011    To: CURRENT |
| NACELLE MANUFACTURING 2 3 LLC (OWNED 100% BY THE NORDAM GROUP, INC.)<br>6911 N WHIRLPOOL DRIVE<br>TULSA, OK 74117 | NO TRANSACTIONS SINCE FORMATION | 30-0715528<br>**Date business existed**<br>From: 12/2/2011    To: CURRENT |
| NORDAM ASIA LIMITED (OWNED 51% BY THE NORDAM GROUP, INC.)<br>NO.15, HANGQIN S. RD.<br>DAYAUN DIST.<br>TAOYUAN CITY 33758<br>TAIWAN | PROVISION OF AIRCRAFT PART REPAIR TO THE ASIA REGION | N/A TAIWAN ENTITY<br>**Date business existed**<br>From: 11/13/2017    To: CURRENT |
| NORDAM EUROPE LIMITED (OWNED 51% BY NORDAM UK LIMITED)<br>HAWTIN PARK BLACKWOOD<br>GWENT, SOUTH WALES<br>UNITED KINGDOM | JV WITH GE AIRCRAFT ENGINE SERVICES TO PROVIDE REPAIR SERVICES IN ITS TERRITORY (PRIMARILY EUROPE) | N/A UK ENTITY<br>**Date business existed**<br>From: 10/30/1996    To: CURRENT |
| NORDAM INTERNATIONAL MARKETING LIMITED (OWNED 100% BY THE NORDAM GROUP, INC.)<br>183 QUEEN'S ROAD EAST<br>LEVEL 54 HOPEWELL CENTRE<br>HONG KONG<br>CHINA | INTERNATIONAL MARKETING AND CUSTOMER LIAISON FOR FOREIGN CUSTOMERS OF THE GROUP | N/A HONG KONG ENTITY<br>**Date business existed**<br>From: 3/19/1982    To: CURRENT |
| NORDAM SINGAPORE PTE LTD (OWNED 100% BY THE NORDAM GROUP, INC.)<br>50 RAFFLES PLACE<br>#32-01 SINGAPORE LAND TOWER<br>SINGAPORE<br>SINGAPORE | PROVISION OF AIRCRAFT PART REPAIR TO THE ASIA REGION | N/A SINGAPORE ENTITY<br>**Date business existed**<br>From: 6/17/1993    To: CURRENT |
| NORDAM TRANSPARENCY EUROPE LIMITED (OWNED 100% BY NORDAM UK LIMITED)<br>2 TUDOR ROAD<br>UNIT G<br>ALTRINCHAM BUSINESS PARK<br>ALTRINCHAM, CHESHIRE<br>UNITED KINGDOM | DISTRIBUTION AND REPAIR OF TRANSPARENT AIRCRAFT PARTS TO EUROPEAN REGION | N/A UK ENTITY<br>**Date business existed**<br>From: 2/19/1998    To: CURRENT |
| NORDAM UK LIMITED (OWNED 100% BY THE NORDAM GROUP, INC.)<br>70 GREAT BRIDGEWATER STREET<br>EVERSHEDS HOUSE<br>MANCHESTER<br>UNITED KINGDOM | HOLDING COMPANY FOR UK ENTITIES | N/A UK ENTITY<br>**Date business existed**<br>From: 10/16/1996    To: CURRENT |
| PARTPILOT LLC (OWNED 100% BY THE NORDAM GROUP, INC.)<br>6911 N WHIRLPOOL DRIVE<br>TULSA, OK 74117 | INTERNET SOURCE TO CONNECT SELLERS & PURCHASERS OF AIRCRAFT PARTS FOR A COMMISSION | 81-1505261<br>**Date business existed**<br>From: 10/6/2015    To: CURRENT |
| TNG DISC, INC. (OWNED 100% BY THE NORDAM GROUP, INC.)<br>6911 N WHIRLPOOL DRIVE<br>TULSA, OK 74117 | DOMESTIC INTERNATIONAL SALES CORPORATION TO REDUCE TAX RATES ON INCOME FROM EXPORTS OF DOMESTICALLY PRODUCED PRODUCT | 26-2819726<br>**Date business existed**<br>From: 6/13/2008    To: CURRENT |

Debtor    THE NORDAM GROUP, INC.                              Case number (if known)    18-11699
          (Name)

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| WORLD AVIATION ASSOCIATES PTE LTD (OWNED 100% BY NORDAM INTERNATIONAL MARKETING LIMITED)<br>137 MARKET STREET<br>LEVEL 6<br>SINGAPORE<br>SINGAPORE | PROVISION OF CUSTOMER LIAISON SERVICES FOR NIML TO GROUP CUSTOMERS IN ASIA REGION | N/A SINGAPORE ENTITY<br>**Date business existed**<br>From: 11/25/1993    To: CURRENT |
| WORLD AVIATION ASSOCIATES, LTD (AN OKLAHOMA CORPORATION OWNED 100% BY THE NORDAM GROUP, INC.)<br>6911 N WHIRLPOOL DRIVE<br>TULSA, OK  74117 | NO TRANSACTIONS SINCE FORMATION | 73-1139100<br>**Date business existed**<br>From: 7/24/1981    To: CURRENT |

## 26. Books, records, and financial statements

26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| HUGHETT, MICHAEL<br>6911 N. WHIRLPOOL DRIVE<br>TULSA, OK  74117 | From  1998    To  AUG 2018 |
| LEVESQUE, STEVEN<br>6911 N. WHIRLPOOL DRIVE<br>TULSA, OK  74117 | From  JULY 2018    To  CURRENT |

26b.   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| GRANT THORNTON LLP<br>2431 E 61ST ST<br>TULSA, OK  74136 | From  2016    To  CURRENT |

26c.   List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| HUGHETT, MICHAEL<br>6911 N. WHIRLPOOL DRIVE<br>TULSA, OK  74117 | |
| LEVESQUE, STEVEN<br>6911 N. WHIRLPOOL DRIVE<br>TULSA, OK  74117 | |

26d.   List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| AIRBUS HELICOPTERS<br>2701 FORUM DR<br>GRAND PRAIRIE, TX  75052 |
| AIRBUS<br>1 ROND POINT M BELLONTE<br>BLAGNAC CEDEX  31707<br>FRANCE |
| ALASKAN AIRLINES<br>PO BOX 68900<br>SEATTLE, WA  98168-0900 |
| ARTHUR J. GALLAGHER<br>1300 SOUTH MAIN<br>TULSA, OK  74119 |

Debtor    THE NORDAM GROUP, INC.                                    Case number (if known)    18-11699
(Name)

| Name and address |
| --- |
| BOEING<br>1901 OAKESDALE AVE SW<br>RENTON, WA  98055 |
| BOMBARDIER<br>4039 ROCK QUARRY RD<br>DALLAS, TX  75211 |
| CFS AIR, LLC<br>ATTN: JOE CATARINA<br>10 RIVERVIEW DRIVE<br>DANBURY, CT  06810 |
| CYTEC SOLVAY<br>C/O DAVID FRITZ<br>2085 E. TECHNOLOGY CIRCLE<br>STE 300<br>TEMPE, AZ  85284 |
| FEDEX<br>C/O PATRICIA CRANSON - LEAD SOURCING ADVISOR<br>FEDEX EXPRESS<br>3131 DEMOCRAT ROAD, BLDG B<br>MEMPHIS, TN  38118 |
| GLOBAL JET CAPITAL<br>83 WOOSTER HEIGHTS<br>DANBURY, CT  06810 |
| GOL<br>RUA GOMES CARVALHO 1629<br>VILA OLIMPIA<br>SAO PAULO  05457-006<br>BRAZIL |
| JPM CHASE<br>110 W. 7TH STREET, 17TH FLOOR<br>TULSA, OK  74119 |
| LATAM<br>AVENIDA PRESEDNETE RIESCO 5711, PISO 19<br>LAS CONDES, SANTIAGO<br>CHILE |
| LEASE PLAN<br>274 AVENUE NAPOLEON BONAPARTE<br>RUEIL-MALMAISON CEDEX  92562<br>FRANCE |
| SIEGFRIED, ROBIN<br>1 WEST 22ND STREET<br>TULSA, OK  74114 |
| SIEGFRIED, TRAY<br>3310 S. BIRMINGHAM AVE<br>TULSA, OK  74105 |
| SPIRIT AEROSYSTEMS<br>PO BOX 2978<br>WICHITA, KS  67201-2978 |
| WELLS FARGO<br>10 SOUTH WACKER, 20TH FLOOR<br>CHICAGO, IL  60606 |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ None

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
| --- | --- | --- |
| LAWLESS, WILLIAM<br><br>**Name and address of the person who has possession of inventory records**<br>BURWELL, JEROMY<br>6911 WHIRLPOOL DR<br>TULSA, OK  74117 | *SEE NOTE | AVERAGE COSTING (PLEASE SEE NOTE) |

Debtor    THE NORDAM GROUP, INC.    Case number (if known) 18-11699
(Name)

NOTE:    THE DEBTOR PERFORMS CYCLE COUNTS FOR NORDAM-OWNED SAP INVENTORIES, WHICH EXCLUDES CUSTOMER-OWNED AND NON-ROTABLE PROJECT STOCK.  IN ORDER TO ASSURE THE ACCURACY OF INVENTORY RECORDS, THE DEBTOR HAS AN INVENTORY POLICY WHICH SETS OUT GUIDELINES FOR CYCLE COUNT CLASSIFICATION, INVENTORY COUNT PROCESS FOR WAREHOUSE-MANAGED AND NON-WAREHOUSE MANAGED MATERIALS/PARTS OWNED BY THE DEBTOR, INVENTORY CONSIGNED TO OTHER OR STORED OFFSITE, QUARANTINE AND WRITE-ON PROCEDURE, AND A REFERENCE TABLE FOR THE APPROVAL LEVEL SET IN SAP FOR APPROVING CYCLE COUNT VARIANCES.

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| ROBIN SIEGFRIED REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 16.01% |
| MILANN H. SIEGFRIED REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 15.25% |
| REAGEN SIEGFRIED REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 11.17% |
| MILANN H. SIEGFRIED EXEMPT TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 6.22% |
| BAILEY JOSEPH SIEGFRIED REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 6.05% |
| JUDE TERRELL SIEGFRIED REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 6.05% |
| MEREDITH SIEGFRIED MADDEN REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 6.05% |
| MILANN SIEGFRIED WILLIAMS REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 6.05% |
| RAY H. SIEGFRIED III REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 6.05% |
| THEODORE HASTINGS SIEGFRIED REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 6.05% |
| SIEGFRIED FAMILY VOTING TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 3.84% |
| MILANN H. SIEGFRIED NON-EXEMPT TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 2.07% |
| BAILEY JOSEPH SIEGFRIED EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 1.04% |
| JUDE TERRELL SIEGFRIED EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 1.04% |
| MEREDITH SIEGFRIED MADDEN EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 1.04% |
| MILANN HELFERICH SIEGFRIED EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 1.04% |
| RAY H. SIEGFRIED III EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 1.04% |
| THEODORE HASTINGS SIEGFRIED EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 1.04% |
| CHERRIE L. SIEGFRIED REVOCABLE TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 0.87% |
| BAILEY JOSEPH SIEGFRIED NON-EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 0.35% |
| JUDE TERRELL SIEGFRIED NON-EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 0.35% |
| MEREDITH SIEGFRIED MADDEN NON-EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 0.35% |
| MILANN HELFERICH SIEGFRIED NON-EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 0.35% |
| RAY H. SIEGFRIED III NON-EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK  74117 | SHAREHOLDER | 0.35% |

Debtor    THE NORDAM GROUP, INC.
(Name)

Case number (if known)    18-11699

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|------------------------|
| THEODORE HASTINGS SIEGFRIED NON-EXEMPT CHILD'S TRUST | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | SHAREHOLDER | 0.35% |
| MADDEN, MEREDITH SIEGFRIED | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | CHIEF EXECUTIVE OFFICER AND DIRECTOR | N/A |
| SIEGFRIED, THEODORE HASTINGS | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | CHIEF OPERATING OFFICER - REPAIR GROUP, VICE CHAIRMAN AND DIRECTOR | N/A |
| HUGHETT, MICHAEL ROBERT (RETIRED AUGUST 2, 2018) | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | CHIEF FINANCIAL OFFICER | N/A |
| LEVESQUE, STEVEN PAUL (ASSUMED CFO JULY 9, 2018) | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | CHIEF FINANCIAL OFFICER | N/A |
| DIDONATO, JOHN C. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | CHIEF RESTRUCTURING OFFICER | N/A |
| GIVRAY, ALBERT J. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | GENERAL COUNSEL | N/A |
| SIEGFRIED, J. TERRELL | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | ASSISTANT GENERAL COUNSEL & CORPORATE SECRETARY AND DIRECTOR | N/A |
| SIEGFRIED, BAILEY J. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | VICE PRESIDENT, CULTURE, COMMUNICATION, HR, IT AND DIRECTOR | N/A |
| SIEGFRIED, RAEGEN HENRY | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | VICE PRESIDENT, HUSHWORKS AND DIRECTOR | N/A |
| CROWELL, DAVID LEE | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | TREASURER | N/A |
| LACKEY, PAUL KENNETH JR. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | CHAIRMAN | N/A |
| EATON, DAVID L. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |
| SCHOFIELD, JONATHAN M. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |
| BRUBAKER, LYNN | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |
| SHONKA, MICHAEL J. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |
| SIEGFRIED, MILANN HELFERICH | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |
| LACKEY, PAUL KENNETH JR. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |
| ALLISON, THOMAS J. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |
| LOBECK, WILLIAM E. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |
| PEACHER, WILLIAM L. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | DIRECTOR | N/A |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|---------------------------------------------------|
| BARENTS, BRIAN E. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | FORMER DIRECTOR | From 1/1/17    To 02/03/18 |
| BUNNEY, G. MICHAEL | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | FORMER SENIOR VICE PRESIDENT, SUPPORT SERVICES | From 9/19/11    To 08/06/17 |

Debtor    THE NORDAM GROUP, INC.                    Case number (if known)    18-11699
         (Name)

| Name | Address | Position and nature of any interest | Period during which position or interest was held | |
|------|---------|-------------------------------------|---------------------------------------------------|--|
| CHALUPA, JEFFERY N. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | FORMER VICE PRESIDENT, PROGRAM MANAGEMENT & OPERATIONS, NTR | From 5/7/07 | To 04/06/18 |
| HARTZELL, DARYL E. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | FORMER VICE PRESIDENT, STRATEGIC INITIATIVES - NRD | From 1/1/07 | To 12/31/17 |
| WHITTEN, WILLIAM D. | 6911 N WHIRLPOOL DRIVE TULSA, OK 74117 | FORMER SENIOR VICE PRESIDENT, SALES, MARKETING & STRATEGY | From 7/11/05 | To 04/16/18 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None

AMENDED (with certain transactions sealed) - SEE EXHIBIT 4

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ None

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

Debtor    THE NORDAM GROUP, INC.                    Case number (if known)    18-11699
         (Name)

| **Part 14:** | **Signature and Declaration** |

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on DECEMBER 6, 2018.


✖   /s/ MATTHEW FISHER                                    MATTHEW FISHER
    Signature of individual signing on behalf of the debtor    Printed Name

    DEPUTY CHIEF RESTRUCTURING OFFICER
    Position or relationship to debtor


  Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
  ☐ No
  ☑ Yes

**Statement of Financial Affairs - Exhibit 4**

**Amended (with certain transactions sealed)**

**The NORDAM Group, Inc.   18-11699**

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| CHEROKEE PARTNERS LLC<br>6911 N WHIRLPOOL DRIVE<br>TULSA, OK  74117 | VIE LENDER | 08/01/2017 | $165,289.14 | FACILITY: RENT, UTILITY, ETC |
| | | 09/01/2017 | $165,289.14 | FACILITY: RENT, UTILITY, ETC |
| | | 10/02/2017 | $165,289.14 | FACILITY: RENT, UTILITY, ETC |
| | | 11/01/2017 | $165,289.14 | FACILITY: RENT, UTILITY, ETC |
| | | 12/01/2017 | $165,289.14 | FACILITY: RENT, UTILITY, ETC |
| | | 01/02/2018 | $165,289.14 | FACILITY: RENT, UTILITY, ETC |
| | | 02/01/2018 | $165,289.14 | FACILITY: RENT, UTILITY, ETC |
| | | 03/01/2018 | $164,640.90 | FACILITY: RENT, UTILITY, ETC |
| | | 04/02/2018 | $165,235.12 | FACILITY: RENT, UTILITY, ETC |
| | | 05/01/2018 | $165,235.12 | FACILITY: RENT, UTILITY, ETC |
| | | 06/27/2018 | $165,235.12 | FACILITY: RENT, UTILITY, ETC |
| | | 07/20/2018 | $165,235.12 | FACILITY: RENT, UTILITY, ETC |
| | | | **$1,982,605.36** | |
| DAVIS GRAHAM & STUBBS LLP<br>1550 17TH ST<br>DENVER, CO  80202 | AFFILIATE OF INSIDER | 07/28/2017 | $134,524.09 | LEGAL SERVICES |
| | | 07/31/2017 | $29,414.00 | LEGAL SERVICES |
| | | 08/25/2017 | $119,165.40 | LEGAL SERVICES |
| | | 08/30/2017 | $29,414.00 | LEGAL SERVICES |
| | | 09/29/2017 | $29,414.00 | LEGAL SERVICES |
| | | 10/02/2017 | $107,997.75 | LEGAL SERVICES |
| | | 10/27/2017 | $132,130.80 | LEGAL SERVICES |
| | | 10/31/2017 | $29,414.00 | LEGAL SERVICES |
| | | 11/28/2017 | $135,317.52 | LEGAL SERVICES |
| | | 11/29/2017 | $29,414.00 | LEGAL SERVICES |
| | | 12/28/2017 | $253,143.10 | LEGAL SERVICES |
| | | 12/28/2017 | $29,414.00 | LEGAL SERVICES |
| | | 01/31/2018 | $29,414.00 | LEGAL SERVICES |
| | | 02/28/2018 | $29,414.00 | LEGAL SERVICES |
| | | 03/29/2018 | $29,414.00 | LEGAL SERVICES |
| | | 04/10/2018 | $296,063.93 | LEGAL SERVICES |
| | | 04/18/2018 | $151,056.37 | LEGAL SERVICES |
| | | 05/01/2018 | $29,414.00 | LEGAL SERVICES |
| | | 05/10/2018 | $2,205.90 | LEGAL SERVICES |
| | | 06/01/2018 | $29,414.00 | LEGAL SERVICES |
| | | 06/05/2018 | $191,810.70 | LEGAL SERVICES |
| | | 06/15/2018 | $362,727.96 | LEGAL SERVICES |
| | | 06/15/2018 | $173,722.26 | LEGAL SERVICES |
| | | 06/15/2018 | $1,488.15 | LEGAL SERVICES |
| | | 06/28/2018 | $29,414.00 | LEGAL SERVICES |
| | | 07/19/2018 | $153,172.35 | LEGAL SERVICES |
| | | 07/20/2018 | $120,000.00 | LEGAL SERVICES |
| | | | **$2,687,494.28** | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| EAST PLANT INVESTMENT LLC<br>11200 E PINE<br>TULSA, OK  74112 | VIE LENDER | 08/01/2017 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 09/01/2017 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 10/02/2017 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 11/01/2017 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 12/01/2017 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 01/02/2018 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 02/01/2018 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 03/01/2018 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 04/02/2018 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 05/01/2018 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 06/27/2018 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | 07/20/2018 | $170,572.00 | FACILITY: RENT, UTILITY, ETC |
| | | | **$2,046,864.00** | |
| EIGHT PARTNERS LLC<br>6911 N WHIRLPOOL DRIVE<br>TULSA, OK  74117 | VIE LENDER | 08/01/2017 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 09/01/2017 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 10/02/2017 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 11/01/2017 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 12/01/2017 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 01/02/2018 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 02/01/2018 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 03/01/2018 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 04/02/2018 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 05/01/2018 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 06/27/2018 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | 07/20/2018 | $71,928.62 | FACILITY: RENT, UTILITY, ETC |
| | | | **$863,143.44** | |
| NORDAM EUROPE LTD<br>HAWTIN PARK BLACKWOOD<br>SOUTH WALES, GW  NP12 2EU | AFFILIATE | 07/26/2017 | $33,033.00 | INTERCOMPANY PAYMENT |
| | | 08/02/2017 | $20,117.00 | INTERCOMPANY PAYMENT |
| | | 10/04/2017 | $1,270.00 | INTERCOMPANY PAYMENT |
| | | 10/11/2017 | $7,557.39 | INTERCOMPANY PAYMENT |
| | | 11/29/2017 | $85,769.03 | INTERCOMPANY PAYMENT |
| | | 01/03/2018 | $22,655.00 | INTERCOMPANY PAYMENT |
| | | 02/05/2018 | $4,381.00 | INTERCOMPANY PAYMENT |
| | | 03/28/2018 | $300.00 | INTERCOMPANY PAYMENT |
| | | 03/29/2018 | $2,189,288.00 | INTERCOMPANY PAYMENT |
| | | 04/27/2018 | $300.00 | INTERCOMPANY PAYMENT |
| | | 05/23/2018 | $900.00 | INTERCOMPANY PAYMENT |
| | | 06/13/2018 | $4,950.00 | INTERCOMPANY PAYMENT |
| | | 07/03/2018 | $45,827.89 | INTERCOMPANY PAYMENT |
| | | | **$2,416,348.31** | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| NORDAM INTERNATIONAL MARKETING LTD 183 QUEENS RD E HONG KONG  00000 | AFFILIATE | 08/09/2017 | $13,406.00 | INTERCOMPANY PAYMENT |
| | | 08/21/2017 | $17,400.00 | INTERCOMPANY PAYMENT |
| | | 09/01/2017 | $480.00 | INTERCOMPANY PAYMENT |
| | | 09/05/2017 | $600.00 | INTERCOMPANY PAYMENT |
| | | 09/13/2017 | $75,000.00 | INTERCOMPANY PAYMENT |
| | | 10/06/2017 | $98,600.00 | INTERCOMPANY PAYMENT |
| | | 11/08/2017 | $16,675.00 | INTERCOMPANY PAYMENT |
| | | 11/17/2017 | $42,000.00 | INTERCOMPANY PAYMENT |
| | | 12/20/2017 | $149,000.00 | INTERCOMPANY PAYMENT |
| | | 02/15/2018 | $13,000.00 | INTERCOMPANY PAYMENT |
| | | 02/20/2018 | $7,100.00 | INTERCOMPANY PAYMENT |
| | | 02/27/2018 | $25,000.00 | INTERCOMPANY PAYMENT |
| | | 03/06/2018 | $38,000.00 | INTERCOMPANY PAYMENT |
| | | 04/13/2018 | $31,000.00 | INTERCOMPANY PAYMENT |
| | | 04/19/2018 | $6,000.00 | INTERCOMPANY PAYMENT |
| | | 05/01/2018 | $15,000.00 | INTERCOMPANY PAYMENT |
| | | 05/09/2018 | $33,000.00 | INTERCOMPANY PAYMENT |
| | | 06/11/2018 | $50,000.00 | INTERCOMPANY PAYMENT |
| | | 07/10/2018 | $20,000.00 | INTERCOMPANY PAYMENT |
| | | | **$651,261.00** | |
| NORDAM INTL MKTG-EUROPE 7 PAYNES PK HITCHIN, LU  SG5 1EH | AFFILIATE | 08/23/2017 | $7,442.37 | INTERCOMPANY PAYMENT |
| | | 10/04/2017 | $26,526.10 | INTERCOMPANY PAYMENT |
| | | 10/31/2017 | $20,631.34 | INTERCOMPANY PAYMENT |
| | | 11/17/2017 | $23,192.30 | INTERCOMPANY PAYMENT |
| | | 12/19/2017 | $26,440.58 | INTERCOMPANY PAYMENT |
| | | 01/22/2018 | $30,667.34 | INTERCOMPANY PAYMENT |
| | | 02/20/2018 | $23,846.07 | INTERCOMPANY PAYMENT |
| | | 03/19/2018 | $64,449.22 | INTERCOMPANY PAYMENT |
| | | 04/19/2018 | $24,197.63 | INTERCOMPANY PAYMENT |
| | | 05/21/2018 | $31,125.21 | INTERCOMPANY PAYMENT |
| | | 07/03/2018 | $42,127.24 | INTERCOMPANY PAYMENT |
| | | 07/20/2018 | $32,582.75 | INTERCOMPANY PAYMENT |
| | | | **$353,228.15** | |
| NORDAM INTL MKTG-FRANCE PARC DU MILLENAIRE - BAT C 1 BLAGNAC, FR  31700 | AFFILIATE | 07/26/2017 | $87,462.88 | INTERCOMPANY PAYMENT |
| | | 08/23/2017 | $119,640.12 | INTERCOMPANY PAYMENT |
| | | 10/04/2017 | $171,703.53 | INTERCOMPANY PAYMENT |
| | | 10/19/2017 | $111,191.56 | INTERCOMPANY PAYMENT |
| | | 11/17/2017 | $121,922.77 | INTERCOMPANY PAYMENT |
| | | 12/19/2017 | $182,319.65 | INTERCOMPANY PAYMENT |
| | | 01/22/2018 | $157,502.72 | INTERCOMPANY PAYMENT |
| | | 02/20/2018 | $136,087.60 | INTERCOMPANY PAYMENT |
| | | 03/19/2018 | $238,874.14 | INTERCOMPANY PAYMENT |
| | | 04/19/2018 | $71,928.70 | INTERCOMPANY PAYMENT |
| | | 05/21/2018 | $158,974.65 | INTERCOMPANY PAYMENT |
| | | 06/26/2018 | $224,054.48 | INTERCOMPANY PAYMENT |
| | | 07/20/2018 | $88,430.56 | INTERCOMPANY PAYMENT |
| | | | **$1,870,093.36** | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| WORLD AVIATION ASSOC PTE LTD<br>33 CHANGI N CRESCENT<br>SINGAPORE  499640<br>SINGAPORE | AFFILIATE | 08/09/2017 | $29,528.95 | INTERCOMPANY PAYMENT |
| | | 09/06/2017 | $31,483.52 | INTERCOMPANY PAYMENT |
| | | 10/05/2017 | $39,259.19 | INTERCOMPANY PAYMENT |
| | | 11/06/2017 | $33,148.69 | INTERCOMPANY PAYMENT |
| | | 12/05/2017 | $66,652.61 | INTERCOMPANY PAYMENT |
| | | 01/05/2018 | $28,985.60 | INTERCOMPANY PAYMENT |
| | | 02/05/2018 | $80,750.57 | INTERCOMPANY PAYMENT |
| | | 04/09/2018 | $15,173.00 | INTERCOMPANY PAYMENT |
| | | 04/18/2018 | $38,035.00 | INTERCOMPANY PAYMENT |
| | | 05/09/2018 | $37,383.00 | INTERCOMPANY PAYMENT |
| | | 05/16/2018 | $66,860.10 | INTERCOMPANY PAYMENT |
| | | 06/07/2018 | $26,161.80 | INTERCOMPANY PAYMENT |
| | | 07/11/2018 | $22,646.43 | INTERCOMPANY PAYMENT |
| | | | **$516,068.46** | |

**Grand Total:  9**                                                                 **$13,387,106.36**