UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
*In re*                                                      :    Chapter 11
                                                             :
THE NORDAM GROUP, INC., *et al.*,                            :    Case No. 18-11699 (MFW)
                                                             :
        Debtors.[1]                                          :    (Jointly Administered)
                                                             :
                                                             :    Re: Docket Nos. 781 & 1063
------------------------------------------------------------ x

### ORDER (I) APPROVING DISCLOSURE STATEMENT ON FINAL BASIS AND (II) CONFIRMING JOINT POSTPACKAGED CHAPTER 11 PLAN

Upon the filing by The NORDAM Group, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") of the *First Amended Joint Postpackaged Chapter 11 Plan of Reorganization of The NORDAM Group, Inc. and Its Debtor Affiliates (with Technical Modifications)* on March 14, 2019 (ECF No. 1063) (as amended, the "**Plan**")[2] which is attached hereto as **Exhibit A**; and this Court previously having conditionally approved the *Disclosure Statement for the First Amended Joint Postpackaged Chapter 11 Plan of Reorganization of The NORDAM Group, Inc. and Its Debtor Affiliates* (ECF No. 781) (as amended, the "**Disclosure Statement**") and approved the solicitation procedures related to the Disclosure Statement, in each case pursuant to the *Order (I) Conditionally Approving Disclosure Statement; (II) Scheduling Combined Hearing to Approve Disclosure Statement and Confirm Postpackaged Chapter 11 Plan; (III) Approving Solicitation Procedures; (IV) Approving Form and Procedures for Plan Supplement; and (V) Granting Related Relief* entered on January 3,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are The NORDAM Group, Inc. (7803); Nacelle Manufacturing 1 LLC (3107); Nacelle Manufacturing 23 LLC (5528); PartPilot LLC (5261); and TNG DISC, Inc. (9726). The Debtors' corporate headquarters and service address is 6910 North Whirlpool Drive, Tulsa, Oklahoma 74117.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Plan Supplement, and the Disclosure Statement, as applicable.

2019 (ECF No. 838) (the "**Solicitation Order**"); and the Debtors having served the Disclosure Statement and related solicitation materials pursuant to the Solicitation Order as set forth in the *Solicitation Affidavit* (ECF No. 885); and the Debtors having filed the Plan Supplement on March 4, 2019 (ECF No. 1029) (as may be further amended or supplemented, the "**Plan Supplement**"); and the Debtors having filed the Voting Certification on March 14, 2019 (ECF No. 1066) (the "**Voting Certification**") and the *Debtors' Memorandum of Law in Support of (I) Final Approval of Disclosure Statement for First Amended Joint Postpackaged Chapter 11 Plan, and (II) Confirmation of First Amended Joint Postpackaged Chapter 11 Plan* on March 14, 2019 (ECF No. 1070); and this Court having held a hearing on March 18, 2019 to consider final approval of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**"); and upon the evidence adduced at, and the record of, the Combined Hearing; and upon the record of these chapter 11 cases; and after due deliberation:

**THIS COURT HEREBY FINDS:**

1. The Disclosure Statement provided holders of interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

2. The Disclosure Statement (including all exhibits thereto) and the *Notice of (I) Conditional Approval of Disclosure Statement; (II) Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Plan; (III) Deadline for Filing Objections to Final Approval of Disclosure Statement and Confirmation of Plan; and (IV) Other Relevant Information* (ECF No. 850) provided holders of interests and other parties in interest, respectively, with sufficient notice of the injunction, exculpation, and release provisions

2

contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

3. Notice of the Combined Hearing was adequate pursuant to Bankruptcy Rules 2002 and 3020.

4. The Plan was solicited in good faith and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

5. The holders of interests in Class 7 are impaired under the Plan and have voted to accept the Plan in the numbers and amounts required by section 1126(d) of the Bankruptcy Code.

6. The releases and exculpation contained in Article VIII of the Plan for the benefit of the Released Parties and Exculpated Parties, respectively, are consistent with and permissible under applicable law.

7. The notice of contract assumption and notice of contract assignment (in the forms approved by the Solicitation Order) provided counterparties to the executory contracts and unexpired leases designated therein with sufficient notice of (a) the proposed assumption or assignment of such executory contracts and unexpired leases and (b) the manner and timing for payment of any cure amounts. Furthermore, the Plan's provisions regarding assumption and assignment of executory contracts represent a proper exercise of the Debtors' business judgment and were given and made after due notice and opportunity for hearing.

**FURTHER, IT IS HEREBY ORDERED THAT:**

**A.     Final Approval of Disclosure Statement**

8. The Disclosure Statement is approved on a final basis as having adequate information as contemplated by section 1125(a)(1) of the Bankruptcy Code.

**B.    Confirmation of Plan**

9.    The Plan is confirmed pursuant to section 1129 of the Bankruptcy Code. The Debtors and the Reorganized Debtors (as applicable) are authorized to take all actions required to effectuate the Plan and the transactions contemplated therein, including the Tax-Free Reorganization, entry into the Investment Agreement (and consummation of the transactions contemplated thereby), issuance of New Units and NewCo Shares, and entry into the Exit Facilities (and consummation of the transactions contemplated thereby).

10.    All objections to the Plan that have not been withdrawn or resolved before the Combined Hearing are hereby overruled.

11.    The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference, and are an integral part of this Order. The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

12.    The Debtors and the Reorganized Debtors (as applicable) are authorized on or before the Effective Date to enter into, and take such actions as may be necessary or desirable to perform under the Exit Facilities and all other documents or agreements related thereto, and all transactions contemplated thereby, including the payment or reimbursement of any fees, indemnities, and expenses under or pursuant to any such documents and agreements entered into or delivered in connection therewith. The Exit Facilities and each of the Exit Facility Documents constitute legal, valid and binding obligations of the Reorganized Debtors. Upon the closing of

the Exit Facilities, the agents and lenders thereunder shall have valid, binding, perfected and enforceable Liens on, and security interests in, the collateral specified in the Exit Facility Documents, as applicable, with the priorities set forth in the Exit Facility Documents, and subject only to such Liens and security interests as may be permitted under the Exit Facility Documents or the Plan, as applicable, and the Reorganized Debtors and the agents and lenders granted such Liens and security interests are each hereby authorized to make any and all filings and recordings necessary or desirable in connection with such Liens and security interests.  The obligations, guarantees, mortgages, pledges, Liens and security interests granted pursuant to or in connection with the Exit Facilities are, in each case, granted in good faith, for good and valuable consideration and for legitimate business purposes as an inducement to the lenders to extend credit thereunder and shall be, and hereby are, deemed not to constitute a fraudulent conveyance or fraudulent transfer and shall not otherwise be subject to avoidance, equitable subordination, or recharacterization and shall constitute legal, valid, binding and authorized obligations of the Reorganized Debtors, enforceable in accordance with their terms.

13. As set forth in Article V of the Plan, subject to the payment of any cure amounts, all prepetition executory contracts and unexpired leases not otherwise assumed or rejected are deemed assumed by the applicable Reorganized Debtor, other than the executory contracts or unexpired leases (a) identified on the Schedule of Assigned GAC Contracts, which will be deemed assumed and assigned to Gulfstream on the Effective Date, (b) identified on the Schedule of Rejected Contracts, which will be deemed rejected on the Effective Date, (c) previously assumed or rejected by a final order; or (d) subject to a motion to assume or reject that is pending as of the date hereof.

14. Pursuant to Bankruptcy Rule 3020(c)(1), the following provisions in the Plan are hereby approved and will be effective immediately on the Effective Date without further order or action by this Court or any other Entity: (a) Releases by Debtors (Article VIII.C); (b) Releases by Holders of Claims or Interests (Article VIII.D); (c) Exculpation (Article VIII.E); and (d) Injunction (Article VIII.F).

15. The Debtors shall cause to be served a notice of the entry of this Order (the "**Confirmation Notice**") and occurrence of the Effective Date (the "**Notice of Effective Date**") upon (a) all parties listed in the creditor matrix maintained by Epiq Bankruptcy Solutions, LLC and (b) such additional persons and entities as deemed appropriate by the Debtors, no later than five business days after the Effective Date.

C. **Miscellaneous**

16. Notwithstanding Bankruptcy Rule 3020(e), the terms and conditions of this Order will be effective and enforceable immediately upon its entry.

17. Subject to Article XII.J of the Plan, this Order constitutes all other authority required by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation and consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order and all matters arising in and under, and related to, these chapter 11 cases, as set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

19. Except as otherwise may be provided in the Plan, notice of all subsequent pleadings in these cases after the Effective Date shall be limited to the following parties: (a) the

Reorganized Debtors and their counsel, (b) the U.S. Trustee, (c) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (d) any party known to be directly affected by the relief sought.

**Dated: March 18th, 2019**
**Wilmington, Delaware**

*[signature]*
**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 20946055V.1